## JEWELL-LaSALLE REALTY COMPANY *v.* BUCK ET AL.

No. 140. Argued March 3, 4, 1931.—Decided April 13, 1931.

*Mr. Charles M. Blackmar,* with whom *Mr. Kenneth E. Midgley* was on the brief, for Jewell-LaSalle Realty Company.

*Mr. Thomas G. Haight,* with whom *Messrs. Nathan Burkan, Louis D. Fröhlich, E. S. Hartman,* and *Maurice J. O'Sullivan* were on the brief, for Buck et al.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The American Society of Composers, Authors and Publishers, and one of its members sued the Jewell-LaSalle Realty Company in the federal court for Western Missouri for an unauthorized orchestral performance of a musical composition for which they held the exclusive non-dramatic performing rights. The infringement was proved, but there was no showing of actual damages. The defendant contended that the plaintiffs were entitled to only $10 statutory damages; the plaintiffs that $250 was the minimum allowable under the Copyright Act of 1909. The court granted an injunction and awarded $250 damages, 32 F. (2d) 366, 368. The defendant appealed; and the Circuit Court of Appeals certified questions numbered II, III and IV relating to the subject of damages.[1]

*Question II.* "In a case disclosing infringement of a copyright covering a musical composition, there being no proof of actual damages, is the court bound by the minimum amount of $250 set out in the so-called 'no other case' clause of Section 25 (b) of the Copyright Act (17 U. S. C., Sec. 25), reading, 'and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty?'"

---

[1] The relief for the infringement was sought in the seventh count of the bill referred to in No. 139, *ante,* p. 191. The question here discussed was raised by a cross-appeal. The several questions presented by Nos. 138, 139 and 140 were embraced in a single certificate, but separate briefs were filed.

The provision referred to is § 25 of the Act of March 4, 1909, c. 320, 35 Stat. 1075, 1081, as amended by the Act of August 24, 1912, 37 Stat. 488, 489, which provides:

" That if any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:

"(b) To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, . . . or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, but [here follow limitations applicable specifically to newspaper reproductions of photographs, and certain motion picture infringements of undramatized or nondramatic work and of copyrighted dramatic or dramatico-musical work], and such damages shall in no other case exceed the sum of five thousand dollars nor be less than the sum of two hundred and fifty dollars, and shall not be regarded as a penalty. But the foregoing exceptions shall not deprive the copyright proprietor of any other remedy given him under this law, nor shall the limitation as to the amount of recovery apply to infringements occurring after the actual notice to a defendant, either by service of process in a suit or other written notice served on him."

Then follows the so-called schedule, of which the " Fourth " item is:

" In the case of dramatic or dramatico-musical or a choral or orchestral composition, one hundred dollars for the first and fifty dollars for every subsequent infringing performance; in the case of other musical compositions, ten dollars for every infringing performance."

The Copyright Act confers two monopolies—that of making copies and that of giving public performances for profit. It was settled in *Westermann Co.* v. *Dispatch Printing Co.*, 249 U. S. 100, which dealt with the infringe-

ment by a newspaper of the monopoly of copying, that for each publication $250 is the minimum damages. An unbroken line of decisions in the lower courts has since held that the rule declared in the *Westermann* case is applicable also to infringement of the monopoly of giving public performances. It is now contended that, as applied to performances, the rule is burdensome and unreasonable; that it was followed unwillingly [2] by the lower courts in the mistaken belief that the *Westermann* case required them to do so; that the legislative history of § 25, when considered in the light of earlier copyright acts, indicates that the fourth subdivision, relating to musical compositions, was not intended to be controlled by the maximum and minimum provisions of the so-called "no other case" clause; and that the decision in the *Westermann* case is not decisive of the question certified.

The argument is that § 25 was a codification of § 4965 and § 4966 of the Revised Statutes, which embodied a distinction recognized in earlier Acts between the imposition of penalties for copying and the awarding of damages for performing; that there is no language in § 25 indicating an intention to apply the maximum and minimum provisions theretofore contained in the penal § 4965, which dealt with unauthorized copying, to cases falling

---

[2] Defendant relies upon statements in several cases in which the courts have commented upon the ambiguity or severity of the Act. See *Waterson, Berlin & Snyder Co.* v. *Tollefson*, 253 Fed. 859; *M. Witmark & Sons* v. *Pastime Amusement Co.*, 298 Fed. 471, 481; *Buck* v. *Jarvis*, unreported, E. D. Va., decided March 23, 1927; *Dreamland Ball Room, Inc.*, v. *Shapiro, Bernstein & Co.*, 36 F. (2d) 354, 355. Compare *Irving Berlin, Inc.*, v. *Daigle*, 31 F. (2d) 832, 835. But in all of these cases the *Westermann* decision was followed. Occasionally, where the statutory measure appeared burdensome under the circumstances, courts have reduced or refused to allow counsel fees. *Fred Fisher, Inc.*, v. *Dillingham*, 298 Fed. 145, 152; *Cravens* v. *Retail Credit Mens' Assn.*, 26 F. (2d) 833, 836. But see *M. Witmark & Sons* v. *Calloway*, 22 F. (2) 412, 415.

within the former remedial § 4966, which gave damages for unauthorized performing; and that a contrary intention appears from the House Report of the 1909 Act.[3] This argument overlooks the fact that the primary purpose of § 25 was to incorporate in one section all of the civil remedies theretofore given, including statutory damages where actual proof was lacking. It is true that the second subdivision, involved in the *Westermann* case, had been part of the old penal § 4965 of the Revised Statutes. But there is nothing to show an intention to exclude the infringements mentioned in the other subdivisions from the operation of the maximum and minimum clause. The history of the section as revealed in the extended hearings which preceded the Act of 1909, makes the contrary clear.[4] We are of opinion that the maximum and minimum provisions were intended to be applicable alike to all types of

[3] See H. Rep. No. 2222, 60th Cong., 2d Sess., February 22, 1909, p. 15. The statement relied upon is: "The provision that in lieu of actual damages and profit such damages shall be awarded as shall appear to the court just, not exceeding the sum of $5,000, is a modification of existing law, decreasing instead of increasing the amount which may be obtained in this way." Defendant contends that this sentence indicates an intention to continue the distinction between scheduled damages for unauthorized performances, and penalties for copying, the latter having been limited by the Act of March 2, 1895, c. 194, 28 Stat. 965, to $10,000. Compare *infra*, Note 4.

[4] The suggested consolidation of Rev. Stat. § 4965 and § 4966 was repeatedly attacked throughout the hearings, which lasted three years. See Arguments before the Committee on Patents, on S. 6330 and H. R. 19853, 59th Cong., 1st Sess., June 6–9, 1906, pp. 124, 137, 177; *id.*, December 7–11, 1906, pp. 36, 144, 176; compare *id.*, March 26–28, 1908, pp. 21, 362. This section was, however, retained in the bill. See H. Rep. No. 2222, *supra* Note 3, pp. 15–16; Sen. Rep. No. 1108, 60th Cong., 2d Sess., p. 15. In commenting on the bill, which was the result of a series of conferences called by the Librarian of Congress, the latter said, concerning the remedies for infringements: "One inconvenience is that they [the existing statutes] provide a different class of remedies and recoveries for different subject-matter; another

infringement except those for which the section makes other specific provision.

It is urged, however, that under such interpretation the suggested measure of ten dollars a performance, scheduled in the fourth subdivision of § 25, would not be applicable unless more than twenty-five infringing performances were proved. This appears to be the meaning of the section, read as a whole, particularly since the amounts in the scheduled subdivisions appear to have been inserted merely as an aid to the court in awarding such damages as "shall appear to be just."[5] The definite specification of a maximum and minimum in every case is not contradicted in any way by these legislative suggestions as to what may be deemed reasonable allowances in cases falling within the prescribed limitations. See. *Westermann v. Dispatch Printing Co.*, 249 U. S. 100, 106, 109. If, as

is that they confuse the duty of the Government to punish a deliberate infringement . . . with the right of the copyright proprietor for compensation for his particular loss. The bill attempts to provide uniform remedies, and it divorces the civil action from the criminal." Arguments before the Committees on Patents, *supra*, June 6–9, 1906, p. 13. Compare Ann. Rep. of Register of Copyrights (1929), pp. 12–14. The provision to which reference was made was Rev. Stat. § 4965, as amended by the Act of March 2, 1895, c. 194, 28 Stat. 965, which provided that one-half of all penalties collected should accrue to the United States. This section was repealed by § 63 (35 Stat. 1088) of the 1909 Act.

[5] As originally proposed in June, 1906, the present Act provided for a maximum and minimum applicable to all types of infringement, and, in the then appended schedule, for an additional minimum in the case of " a dramatic or musical composition, [of] not less than one hundred dollars for the first and fifty dollars for every subsequent infringing performance." Thus where more than four infringing performances were proved, this original schedule may have imposed a higher minimum in such cases than the main clause. See § 23, S. 6330, 59th Cong., 1st Sess., in Arguments before the Committees on Patents, *supra* Note 4, p. ix. As finally enacted, it furnished merely a guide for the court's discretion.

applied to musical compositions, the provisions of the entire section have proved unreasonable, the remedy lies with Congress.[6] Question II is answered in the affirmative.

*Question III.* " Is Section 25 (b) Fourth of the Copyright Act (17 U. S. C. Sec. 25) applicable, in the discretion of the Court, to a case disclosing infringement of copyright covering a musical composition, there being no proof of actual damage? "

This question has in part been necessarily answered by our discussion of Question II, for unless the number of infringing performances of a copyrighted musical composition exceeds twenty-five, the minimum allowance of $250 must be made. Where more than twenty-five infringing performances are proved, and there is no showing as to actual loss, the court must allow the statutory minimum, and may, in its sound discretion, employ the scheduled ten dollars a performance as a basis for assessing additional damages. See *Westermann* v. *Dispatch Printing Co.*, 249 U. S. 100, 106. Subject to this limitation, Question III is answered in the affirmative.

*Question IV.* " In Section 25 (b) of the Copyright Act (17 U. S. C. Sec. 25) is the clause reading, ' nor shall the limitation as to the amount of recovery apply to infringements occurring after the actual notice to a defendant,' confined in its scope to the particular cases of infringement theretofore specifically mentioned in said Section 25 (b)? "

---

[6] The *Westermann* case was decided in 1919. Since that time there have been repeated proposals to amend and/or completely revise the Copyright Act. See Ann. Rep. Register of Copyrights (1928), pp. 6–11; *id.* (1929), pp. 16–24; *id.* (1930), pp. 8–13. No suggested elimination of the minimum provision has been found. Compare H. R. 11852, 71st Cong., 2d Sess., § 10; H. R. 12549, § 14 (c) and (d), in H. Rep. No. 1732, 71st Cong., 2d Sess., pp. 8–9; Sen. Rep. 1732, *id.*, on H. R. 12549, § 14 (c) and (e) as amended.

Inasmuch as the plaintiffs did not ask for more than the minimum statutory damages of $250, and did not appeal from the decree awarding only this sum, the question whether the court might have awarded more than the maximum of $5,000 is not properly raised upon the facts presented in this certificate. We have no occasion to consider it. *Dillon* v. *Strathearn S. S. Co.*, 248 U. S. 182, 184; *Reinecke* v. *Gardner*, 277 U. S. 239, 245; *White* v. *Johnson*, 282 U. S. 367, 371.

As to Question IV, the certificate is dismissed.

*Question II, Yes.*
*Question III, Yes.*
*Question IV, not answered.*