**BUCK et al. v. JEWELL–LASALLE REALTY CO.**

**JEWELL–LASALLE REALTY CO. v. BUCK et al.**

Nos. 8681, 8689.

Circuit Court of Appeals, Eighth Circuit.

July 23, 1931.

See, also, 51 F.(2d) 726.

Thomas G. Haight, of Jersey City, N. J. (Maurice J. O'Sullivan, of Kansas City, Mo., Nathan Burkan, of New York City, E. S. Hartman, of Chicago, Ill., and Louis D. Frohlich, of New York City, on the brief), for Gene Buck and Leo Feist, Inc.

Charles M. Blackmar and Kenneth E. Midgley, both of Kansas City, Mo. (Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City Mo., on the brief), for Jewell-LaSalle Realty Co.

Before BOOTH and GARDNER, Circuit Judges, and SANBORN, District Judge.

BOOTH, Circuit Judge.

Suit was brought in the United States District Court for the Western District of Missouri by Gene Buck, as president of the American Society of Composers, Authors, and Publishers, and Leo Feist, Inc., a corporation, plaintiffs, v. Jewell-LaSalle Realty Company, a corporation, defendant, for an injunction and damages for infringement of the copyright of certain musical compositions, 32 F.(2d) 366.

The first and seventh counts of the bill are here involved.

The first count alleged facts similar to those recited in appeal No. 8680, 51 F.(2d) 726 (opinion in which is filed at the same time with this), except that the hotel company alone was made defendant.

The seventh count differed from the first mainly in this: That the infringement alleged was that the hotel company, by means of an orchestra, caused the production in the hotel of a musical composition protected by a copyright—the rights under which were owned by plaintiffs—no consent to such production having been obtained by defendant.

There was no proof of actual damages.

The decree dismissed the first count for lack of equity; but awarded damages to plaintiff on the seventh count in the sum of $250.

The plaintiffs appealed to this court (No. 8681) from that part of the decree which dismissed the first count.

The defendant appealed (No. 8689) from that part of the decree which awarded damages on the seventh count.

The contentions of the parties in appeal No. 8681 are the same as in appeal No. 8680.

The contention of the appellant in appeal No. 8689 is that the court adopted the wrong statutory measure of damages; that instead of adopting the amount in the "no other case" clause of section 25(b) of the Act of March 4, 1909 (35 Stat. 1081, chap. 320), as amended 37 Stat. 489 (17 USCA § 25), it should have adopted the amount fixed by section 25(b) Fourth.[1]

[1] The relevant statutory provisions are as follows: "That if any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:
* * *
"(b) To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, * * * or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, but [here follow limitations applicable specifically to newspaper reproductions of photographs, and certain motion picture infringements of undramatized or nondramatic work and of copyrighted dramatic or dramatico-musical work], and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty. But the foregoing exceptions shall not deprive the copyright proprietor of any

This court, being in doubt as to the questions involved, and desiring the instruction of the Supreme Court, certified to that court the following questions:

Question I. Do the acts of a hotel proprietor, in making available to his guests, through the instrumentality of a radio receiving set and loud speakers installed in his hotel and under his control and for the entertainment of his guests, the hearing of a copyrighted musical composition which has been broadcast from a radio transmitting station, constitute a performance of such composition within the meaning of 17 USCA § 1(e)? (The same as the question certified in appeal No. 8680.)

Question II. In a case disclosing infringement of a copyright covering a musical composition, there being no proof of actual damages, is the court bound by the minimum amount of $250 set out in the so-called "no other case" clause of section 25(b) of the Copyright Act (17 USCA § 25), reading: "And such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty"?

Question III. Is section 25(b) Fourth of the Copyright Act (17 USCA § 25) applicable, in the discretion of the court, to a case disclosing infringement of a copyright covering a musical composition, there being no proof of actual damage?

Question IV. In section 25(b) of the Copyright Act (17 USCA § 25) is the clause reading, "nor shall the limitation as to the amount of recovery apply to infringements occurring after the actual notice to a defendant," confined in its scope to the particular cases of infringement theretofore specifically mentioned in said section 25(b)?

Question I has now been answered, as in appeal No. 8680, in the affirmative.

Question II has been answered in the affirmative.

Question III has been answered in the affirmative subject to a certain limitation.

The certificate as to question IV was dismissed, the Supreme Court holding that the

other remedy given him under this law, nor shall the limitation as to the amount of recovery apply to infringements occurring after the actual notice to a defendant, either by service of process in a suit or other written notice served upon him."

Then follows the so-called schedule of which the "Fourth" item is:

"In the case of dramatic or dramatico-musical or a choral or orchestral composition, $100 for the first and $50 for every subsequent infringing performance; in the case of other musical compositions $10 for every infringing performance."

question was not properly raised upon the facts presented in the certificate. Jewell-LaSalle Realty Co. v. Buck, 283 U. S. 202, 51 S. Ct. 407, 75 L. Ed. 978.

In disposing of question II, the Supreme Court said (page 206 of 283 U. S., 51 S. Ct. 407, 409):

"We are of opinion that the maximum and minimum provisions were intended to be applicable alike to all types of infringement except those for which the section makes other specific provision.

"It is urged, however, that under such interpretation the suggested measure of $10 a performance, scheduled in the fourth subdivision of section 25, would not be applicable unless more than twenty-five infringing performances were proved. This appears to be the meaning of the section, read as a whole, particularly since the amounts in the scheduled subdivisions appear to have been inserted merely as an aid to the court in awarding such damages as 'shall appear to be just.'"

In disposing of question III, the Supreme Court said (page 208 of 283 U. S., 51 S. Ct. 407, 409): "This question has in part been necessarily answered by our discussion of question II, for, unless the number of infringing performances of a copyrighted musical composition exceeds twenty-five, the minimum allowance of $250 must be made. Where more than twenty-five infringing performances are proved, and there is no showing as to actual loss, the court must allow the statutory minimum, and may, in its sound discretion, employ the scheduled $10 a performance as a basis for assessing additional damages. See Westermann v. Dispatch Printing Company, 249 U. S. 100, 106, 39 S. Ct. 194, 63 L. Ed. 499. Subject to this limitation, question III is answered in the affirmative."

It having been thus determined that the specified acts of the hotel proprietor constituted a performance, and the applicability of the statutory provisions as to damages having been made clear, we hold, upon the record, as in No. 8680, that the performance was a public one and was for profit.

We hold, further, that the trial court erred in dismissing the first count; but decreed correctly the damages against defendant under the seventh count.

The decree is accordingly reversed in so far as it dismissed the first count of the bill; and is affirmed in so far as it adjudged damages against defendant under the seventh count of the bill; and the causes are re-

manded for further proceedings not inconsistent with the opinion of the Supreme Court hereinabove referred to, and not inconsistent with the views herein expressed.

Costs in this court to be divided equally.