**CUNNINGHAM et al. v. DOUGLAS et al. ***
No. 2903.

Circuit Court of Appeals, First Circuit.
Aug. 9, 1934.

BINGHAM, Circuit Judge, dissenting.

———◆———

Edmund A. Whitman, of Boston, Mass., for appellants.

Cedric W. Porter, of Boston, Mass. (George P. Dike and Macleod, Calver, Copeland & Dike, all of Boston, Mass., on the brief), for appellees.

Before BINGHAM, WILSON and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal by the defendants from a decree against them in a copyright infringement suit. We shall refer to the parties as plaintiff and defendant, as they are described in the complaint. The only questions presented by the appeal are: (1) Whether the District Judge committed prejudicial error, after dismissing the original complaint, in allowing an amended bill to be filed bringing in an additional party plaintiff; and (2) whether the amounts awarded by the District Court for damages and costs, $5,000 for the former and $1,500 for the latter, are in either, or in both cases, so clearly excessive as to amount to an abuse of judicial discretion.

The copyrighted matter consisted of a short story under the title, "Klu Klux," written by the plaintiff, Douglas. It was published in the American Mercury Magazine for March, 1928. The copyright relied on was taken out by the publisher of that magazine, American Mercury, Inc., covering its entire contents. Shortly after publication, the publisher of the magazine executed an assignment of the rights in the story, "Klu Klux," to the plaintiff, Douglas. The original complaint was brought by him alone. The defendant objected that Douglas could not maintain the suit, on the ground that a copyright is indivisible, and inasmuch as the copyright in question covered the entire number of the magazine, it could not be split up, and therefore the attempted assignment to Douglas of the copyright in his story was ineffective to vest in him exclusive rights in the story in question, or to empower him to bring suit for infringement of the copyright. On motion to dismiss, the facts fully appearing on the face of the original bill, the District Judge sustained the defendant's contention and granted the motion to dismiss.

The plaintiff accepted this ruling and filed a motion to be allowed to file an amended bill, which was annexed to the motion, in which the American Mercury, Inc., was joined as coplaintiff with Douglas, and reforming the allegations of the bill accordingly. A hearing was had on this motion, but from this point there was apparently some misunderstanding as to the nature of the motion. The order of the District Court was that the plaintiff be allowed to amend the bill. The defendant's third assignment of error is that the District Court erred "In allowing the plaintiff's motion to amend the bill."

Though the action of the District Court did not strictly follow the plaintiff's motion, both parties at the hearing were present in court. All further proceedings were on the new amended bill. The order of the District Court allowing it to be filed was on May 16, 1933. The final hearing on the amended bill was not had until November, 1933, and it was held without objection by the defendants, except as to the power of the District Court to join another plaintiff by amendment. We think it was within the power of the sitting justice in equity to permit the amended bill to be filed, both parties being present in court. Equity Rule 37 (28 USCA § 723) provides that: "Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause." As it does not appear that the defendants have suffered any prejudice thereby, they take nothing under the assignment of error.

Amounts awarded as damages, or allowed as counsel fees, in copyright cases, where no actual damage is shown, it is true,

are within the discretionary powers of the court, except as limited by the Copyright Act, but any such award is subject to review when there has been a clear abuse of judicial discretion. "When invoked as a guide to judicial action, it [judicial discretion] means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." Langnes v. Green, 282 U. S. 531, 541, 51 S. Ct. 243, 247, 75 L. Ed. 520.

As the considerations on which it rests are often of a rather subtle character and difficult to present in a printed record, and as there is a wide field for individual judgment and difference of opinion in such matters, the burden of showing that there has been an abuse of the discretionary power of the court may be a heavy burden on one seeking to show an abuse of that power; but when that burden is sustained, a judgment resting thereon will be revised on appeal. See Langnes v. Green, supra, at page 541 of 282 U. S., 51 S. Ct. 243; Commonwealth v. Murphy, 282 Mass. 593, at page 598, 185 N. E. 486; Newton v. Consolidated Gas Co., 259 U. S. 101 and 105, 42 S. Ct. 438, 66 L. Ed. 844.

The statute relating to damages in this class of cases (17 USCA § 25), omitting such parts of this section as have no application to this case, provides:

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable: * * * (b) To pay to the copyright proprietor * * * in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated [omitting certain specific exceptions], and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty. * * *"

The amounts "hereinafter stated" are found in four subparagraphs under paragraph (b), of which the second provides that:

"In the case of any work enumerated in section 5 of this title, except a painting, statute, or sculpture, $1 for every infringing copy made or sold by or found in the possession of the infringer or his agents or employees."

Section 5 of the Copyright Act (17 USCA § 5) includes both periodicals and newspapers.

However, not every infringement of a copyright by a publication in a newspaper, where no actual damages are shown, requires an award "in lieu of actual damages" of the arbitrary amount stated in paragraph second under section 25 (b), viz., $1 for every infringing copy of the newspaper made or sold by or found in the possession of the publisher.

In the first place, if no actual damages are shown, unless the publication is after personal notice of the copyright, and except in the special cases enumerated under paragraph (b), the damages are limited to $5,000; and, secondly, while Congress has arbitrarily fixed $250 as the minimum damage that may be allowed in such cases, any judgment in excess of the minimum amount fixed by the statute must first, and in all cases, be "*just*." (Italics supplied.)

The Supreme Court, in interpreting this section of the statute in Westermann Co. v. Dispatch Co., 249 U. S. 100, 106, 39 S. Ct. 194, 195, 63 L. Ed. 499, said:

"Both parties recognize that under the proofs the damages must be assessed under the alternative provision requiring the infringer, in lieu of actual damages and profits, to pay such damages as to the court shall appear to be just, etc. The fact that these damages are to be 'in lieu of actual damages' shows that something other than actual damages is intended—that another measure is to be applied in making the assessment. There is no uncertainty as to what that measure is or as to its limitations. *The statute says, first, that the damages are to be such as to the court shall appear to be just;* next, that the court may, in its discretion, allow the amounts named in the appended schedule, and finally, that in no case shall they be more than $5,000 nor less than $250, except that for a newspaper reproduction of a copyrighted photograph they shall not be more than $200 nor less than $50. *In other words, the court's conception of what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, is made the measure of the damages to be paid,* but with the express qualification that in every case the assessment must be within the prescribed limitations, that is to say, neither more than the maximum nor less than the minimum. Within these limitations the court's discretion and sense of justice are controlling." (Italics supplied.)

In the present case the copyrighted story was published by the defendant company as an article of news with headlines on the front

page of the Sunday edition of the newspaper, the Boston Post. In the District Court the plaintiff's counsel agreed that it was published innocently by the defendant, the Post Publishing Company. The admission that it was published innocently by the principal also includes in effect an admission that Cunningham, the employee and agent of the publishing company, in gathering data for and writing special feature stories, had no knowledge that the story had been copyrighted. If the suit had been against the publishing company alone, it could not have defended on the issue of damages on the ground that it had published the story ignorant of the fact that it had been copyrighted, if it was shown that Cunningham knew it was copyrighted matter.

Fletcher's Cyc. of Corp. vol. IV, § 2215; Suit v. Woodhall, 113 Mass. 391; Distilled Spirits, 11 Wall. 356, 20 L. Ed. 167; Curtis Co. v. United States, 262 U. S. 215, 222, 43 S. Ct. 570, 67 L. Ed. 956; Schneider v. Thompson (C. C. A.) 58 F.(2d) 94, 96.

It may be urged that the admission in court should be construed only to cover the innocence in fact of the publishing company; but the defendant Cunningham testified that he had never read the story published in the American Mercury Magazine; that the material facts were furnished him as an actual occurrence by a newspaper reporter who formerly worked with him on a newspaper in Dallas, Tex., and who received a certain charitable bounty therefor from Cunningham in return. There is no evidence in the case that Cunningham ever saw the story as printed in the magazine except the similarity of the subject-matter, which is accounted for by the financial needs of the "down and out" reporter, Abe Martin by name, who furnished it to Cunningham. The only inference is that Martin pirated the facts from the story in the American Mercury Magazine, unless Cunningham deliberately committed perjury in court, and he, at least, is entitled to the presumption of innocence of this crime. Counsel for plaintiffs also admitted in open court that no actual damages were shown to have resulted to the plaintiffs.

■ The District Judge's award appears to have been based on the paragraph headed "second" of the statute above quoted. While the statute leaves much to the judgment or "discretion" of the trial judge, an award under it is made as compensation for pecuniary loss, not as a punishment. The plaintiffs undoubtedly have in law suffered nominal damages by the infringement, and under the statute are entitled to the minimum sum named therein. Jewell-La Salle Realty Co. v. Buck, 283 U. S. 202, 208, 51 S. Ct. 407, 75 L. Ed. 978. The provisions of the second paragraph under (b), even when actual damages are shown, but the amount is not susceptible of proof, merely permit justice to be done. They are not intended to open the door to punitive or arbitrary awards, having no relation to actual damages.

The award of $5,000 as damages in this case under "the circumstances of the infringement," as disclosed by the admissions of counsel and the uncontradicted evidence, is so unreasonable and unjust as to amount to an abuse of the discretion vested in the court under section 25 of the Copyright Act (17 USCA § 25).

Where no actual damages are proven or are shown to have resulted, there has been a clearly marked tendency by the courts to limit the award in lieu of actual damages to the minimum amount. See Insurance Press v. Ford Motor Co. (C. C. A.) 255 F. 896; Altman v. New Haven Union Co. (D. C.) 254 F. 113; Fisher, Inc., v. Dillingham (D. C.) 298 F. 145; Sauer v. Detroit Times Co. (D. C.) 247 F. 687; Waterson, Berlin & Snyder Co. (D. C.) v. Tollefson (D. C.) 253 F. 859; Cravens v. Retail Credit Men's Ass'n (D. C.) 26 F.(2d) 833. Under the circumstances of this case, we think the maximum amount which could reasonably be awarded "in lieu of actual damages" should not exceed the minimum sum of $250 fixed in the statute, and that the decree of the District Court should be reversed in this particular.

■ As to counsel fees: The original suit was not justified. While the allowance for counsel fees should constitute a fair compensation for the professional work required, compensation for the work on the original bill, which was dismissed, should not be included, except in so far as it may have been essential as a preparation for the conduct of the case at the trial on the amended bill. Compensation of counsel in copyright cases, to be taxed as costs, is within the discretion of the court; yet if an amount allowed is so clearly unreasonable as to amount to an abuse of judicial discretion, it may be revised on appeal. In Marks v. Feist, Inc. (C. C. A.) 8 F.(2d) 460, an allowance of $1,500 as counsel fees under this statute was reduced to $500. In Universal Film Mfg. Co. v. Copperman et al., 212 F. 301, Judge Hough sitting in the District Court made an allowance of $250 in a copyright case which was affirmed on appeal (218 F. 577).

Each case, of course, depends on its own facts, and no two will be precisely alike. The present case, at least, on the amended bill, involved no unusual difficulties or complications. The trial on the amended bill was brief. The infringement was admitted. Only the issue of damages and counsel fees were involved. It seems clear that the allowance of $1,500 as counsel fees was unreasonably excessive. We think they should not exceed $750.

The decree of the District Court is reversed as to the amount of damages and costs, and the case. is remanded to that court for further proceedings not inconsistent with this opinion.

BINGHAM, Circuit Judge (dissenting).

The original bill filed in this case August 2, 1932, was heard on defendants' motion to dismiss April 10, 1933, and the motion was granted April 14, 1933. Thereafter, on April 18, 1933, the plaintiff filed a motion "for leave *to file* an amended bill of complaint, amended by adding the American Mercury, Inc., as a party plaintiff, and in other respects," attaching thereto the present so-called amended bill. On May 16, 1933, after hearing, an order was entered allowing the plaintiff's motion, and the so-called amended bill having been filed, on November 10, 1933, the parties were heard by the court "on the pleadings and evidence." Upon completion of the hearing the matter was taken under advisement and the case continued until the December term, 1933, when, on December 14, 1933, the court announced that a decree would be entered in favor of the plaintiffs. January 2, 1934, a decree was entered in favor of the plaintiffs, that they recover of the defendants "in lieu of actual damages or profits, the sum of five thousand dollars ($5,000), and in addition a reasonable attorney's fee of fifteen hundred dollars ($1,500)."

It is from that decree that the defendants prosecute this appeal. In their assignments of error they complain among other things that the court erred (1) in allowing the motion of the plaintiff to amend the bill; (2) in assessing damages in the sum of $5,000; (3) that it abused its discretion in awarding damages in the sum of $5,000; (4) that it erred in awarding the sum of $1,500 as a counsel fee; and (5) that it abused its discretion in awarding the sum of $1,500 as a counsel fee.

I agree that the defendants take nothing by their first assignment of error. It is apparently based upon a misconception of the plaintiff's motion. That motion was not to amend the bill, but for leave to file an amended or new bill. The original bill had been dismissed and, having been dismissed, there was nothing in court by which to amend. The motion for leave to file an amended or new bill having been granted and the bill filed, and the parties having appeared in court and been fully heard thereon, the defendants cannot now complain because they may have misunderstood the plaintiff's motion.

The second assignment of error is evidently based upon the idea that the court was without authority to assess damages in the sum of $5,000 or any other sum; no actual damages having been shown. In the prayer of the bill the plaintiffs asked for actual damages or, in the alternative, "in lieu of actual damages or profits, such damages as to this court shall appear to be just and proper within the provisions of the act of Congress in such cases made and provided," and, it being conceded at the trial that no actual damages were shown, the damages awarded were in lieu of actual damages and profits under section 25, title 17, USCA. The question raised by this assignment of error, therefore, is whether, in the absence of proof of actual damages, the court was authorized to make an award, in lieu of actual damages and profits, under section 25 of the Copyright Act. That section in part provides:

"§ 25. If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable: * * *

"(b) To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, * * * or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, but [here follow certain specific cases not here involved], and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty. But the foregoing exceptions shall not deprive the copyright proprietor of any other remedy given him under this law, nor shall the limitation as to the amount of recovery apply to infringements occurring after the actual notice to a defendant, either by service of process in a suit or other written notice served upon him."

Then follows the so-called schedule of cases in which damages may be awarded and

stating the terms and manner of arriving at the damages awarded, of which the second item is:

"Second. In the case of any work enumerated in section 5 of this title, except a painting, statute, or sculpture, $1 for every infringing copy made or sold by or found in the possession of the infringer or his agents or employees."

The plaintiffs' work was one enumerated in section 5; and it appeared in evidence that the defendants, in getting out their edition of the Boston Sunday Post of August 30, 1931, made 384,834 infringing copies of the plaintiffs' work, which they sold. And at the trial the defendants admitted that the plaintiffs' work was duly copyrighted, that the copyright was owned by the plaintiffs, and that they had infringed it; and the plaintiffs admitted that they had shown no actual damage.

There can be no question that, inasmuch as there was no proof of actual damage, the court was authorized to assess damages, in lieu of actual damages, under and in accordance with the provisions of the statute applicable to a work of the character of the plaintiffs and infringed in the manner above specified; and the only question remaining upon this branch of the case is whether the trial court, in awarding damages in the sum of $5,000, abused its discretion.

As there was but a single infringement of the plaintiffs' work (Westermann v. Dispatch Printing Co., 249 U. S. 100, 39 S. Ct. 194, 63 L. Ed. 499), the court, under the statute, was required to assess a sum not less than $250; and, such sum being fixed by Congress in the statute, it is to be presumed to be just within the meaning of the act; and subdivision *second* specifically provides that in the case of a work such as that of the plaintiffs the court may award "$1 for every infringing copy made or sold by or found in the possession of the infringer or his agents or employees," limited, as specified in (b), not to "exceed the sum of $5,000." If the sum of $250, which the statute prescribes shall be awarded for an infringement consisting of the making of a single copy, is just within the meaning of section 25 (b), then, on proof showing the making of additional infringing copies up to 5,000 or over, an award of $5,000, as fixed by the statute, is likewise to be regarded as just within its meaning. Under the statute, had the infringement consisted in the making of a single copy, or of 250 copies, the plaintiffs would have been entitled to only $250 as a just award. But on its appearing that the defendants made 384,834 infringing copies

instead of 1 or 250, the question is whether the District Judge can be said to have abused his discretion by following the terms of the statute and awarding a dollar a copy for at least 5,000 copies of the total number of infringing copies made and sold. To interpret the statute, as applied to the circumstances here disclosed, to mean that the District Judge, in awarding damages at a dollar a copy up to $5,000, abused his discretion, would be a travesty on the law and in effect to read out of the statute the provisions of section 25 (b) and subdivision second, authorizing an award of "$1 for every infringing copy made or sold" up to $5,000.

In my opinion the award of the trial court was authorized and not an abuse of discretion. An award of damages within the statutory limits cannot be an abuse of discretion in the case of an infringement and sale of infringing copies of the nature and number here shown, and I fail to see wherein this construction of the act, as applied to the circumstances of this case, conflicts or is not in accord with what was held in the two cases decided by the Supreme Court (Westermann v. Dispatch Printing Co., supra; Jewell-La Salle Realty Co. v. Buck, 283 U. S. 202, 51 S. Ct. 407, 75 L. Ed. 978) construing this act.

Now as to the attorney's fee. Section 40 of the Copyright Act (17 USCA § 40) authorizes the court in its discretion to award a reasonable attorney's fee. The court in this instance awarded $1,500. The evidence shows that the services rendered for which this award was made covered at least 100 hours, a substantial portion of which was devoted to the preparation and hearing of the original bill, which was dismissed. The question considered at the hearing on the motion to dismiss the original bill related solely to whether William A. S. Douglas, the sole plaintiff in that bill, could maintain the suit, for it appeared in the bill that the plaintiff's work or story was published by the American Mercury, Inc., in its magazine or periodical called the American Mercury, together with other matters, and that the copyright was obtained by the American Mercury, Inc., on an edition of the magazine as a whole. The question was whether, under such circumstances, and it appearing that the American Mercury, Inc., had given to Douglas what purported to be an assignment of the copyright to the extent that it covered his work, this was sufficient to enable him to maintain the suit. Some of the legal services rendered concerned that question and undoubtedly had to do with other things arising under the original bill. These services, although they in no

542

way concerned the present suit, were taken into consideration in awarding the attorney's fee of $1,500. This manifestly was not authorized and was an abuse of power, but, as the record stands, I do not see how this court can determine what amount can be justly awarded as an attorney's fee, as the court in this case has done.

As to this, it seems to me the case should be remanded to the District Court for determination of the amount, and that no sum should be awarded based on services not necessary to the preparation and trial of the action under the present bill.