## SHAPIRO, BERNSTEIN & CO., Inc., v. WIDENSKI.

### C. A. No. 144.

District Court, D. Rhode Island.

March 27, 1944.

Francis I. McCanna, of Providence, R. I., for plaintiff.

Nathaniel Frucht, of Providence, R. I., for defendant.

HARTIGAN, District Judge.

This is a suit by the plaintiff, the copyright proprietor of a musical composition entitled "Sweet Sue—Just You," for an injunction and damages against the defendant for infringing its copyright under the Copyright Act, 17 U.S.C.A. § 25.

At the trial the parties entered into the following stipulation:

"In the above-entitled cause it is hereby stipulated and agreed that the musical composition entitled 'Sweet Sue—Just You' as described in paragraphs 5, 6, 7, 8, and 9 of the complaint was performed on October 3, 1941 in defendant's establishment known as Stephen's Cafe located at 633–637

Roosevelt Avenue, in the City of Central Falls, State of Rhode Island, by means of a three-piece orchestra consisting of a piano, saxaphone and drum."

The paragraphs referred to in the complaint are as follows:

"5. Prior to the 10th day of April, 1928, Will J. Harris and Victor Young who then were and ever since have been citizens of the United States, created, wrote and composed an original musical composition entitled 'Sweet Sue—Just You.'

"6. Prior to the 10th day of April, 1928, the said authors and composers assigned such composition to plaintiff, including all rights therein and the right to secure copyright therein.

"7. Thereafter and on the 10th day of April, 1928, plaintiff duly copyrighted such composition by publishing the same and offering the same to the general public with the following notice of copyright on the first page of music, to wit: Copyright MCMXXVIII by Shapiro, Bernstein & Co., Inc. Cor. Broadway & 47th Street, New York.

"8. After publication of such composition with such notice of copyright, plaintiff promptly, on the 11th day of April, 1928, deposited in the office of the Register of Copyrights, Washington, District of Columbia, two complete copies of the best edition thereof then published, accompanied by a claim of copyright, and paid to the Register of Copyrights the fee required by law for the registration of the said work, and said work was duly registered by the said Register of Copyrights, who thereupon issued certificate of copyright registration therefor, as Class E., XXc No. 687679.

"9. Since the 10th day of April, 1928, said composition has been published by the plaintiff. Upon each copy of such composition so published, there has been inscribed on the first page of the music the copyright notice required by law, in the words and figures set forth hereinabove. A copy of such composition so published is attached to the original complaint and marked Exhibit 'A' thereof."

In an agreement dated March 29, 1935, between the copyright proprietor, Shapiro, Bernstein & Company, Inc., and American Society of Composers, Authors and Publishers (hereinafter referred to as "ASCAP") which is part of plaintiff's deposition Ex. 4, the rights for public performance to the instant composition were assigned to ASCAP which also had the right to issue licenses.

At the conclusion of the plaintiff's case the defendant moved that the complaint be dismissed on the grounds that the plaintiff, having assigned the public performing rights to said musical composition to ASCAP, it is not a proper party plaintiff, and that ASCAP is the necessary party to this suit for infringement of the copyright. Decision was reserved on this motion.

The only material evidence offered by the defendant is that the license fee that ASCAP would charge for the defendant's place would cost $90 per year or on a monthly basis of $10 per month.

The defendant contends that in view of these license fees and also the stipulation that the musical composition was performed only on October 3, 1941, that the minimum damages provided for in Sec. 25 of the Copyright Act are not applicable.

In this case there is no proof of actual damage suffered by the plaintiff copyright proprietor nor of the profits derived by the defendant due to the infringement. The defendant contends, however, that the amount of either of said license fees constitutes the actual damages of the plaintiff.

The defendant's contentions raise two questions which may be stated as follows:

1. Is the American Society of Composers, Authors & Publishers the assignee of the exclusive right of public performance for profit, a necessary party to this suit?

2. What is the measure of damages to be awarded for infringement of copyright by the unauthorized public performance for profit of the aforementioned musical composition entitled "Sweet Sue—Just You?"

The first question is answered in the negative in view of the decision in Feist, Inc., v. Young, 7 Cir., 138 F.2d 972, 974, where the court said:

"In answer to defendant's contention that plaintiff may not maintain this action because it is not the real party in interest, we think the Copyright Act gives the right to sue for infringement to the copyright proprietor, 17 U.S.C.A. § 25, and since plaintiff is the proprietor, it may sue. M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470, 474, 475, affirmed 4 Cir., 2 F.2d 1020; cf. Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 40, 43 S.Ct. 254, 67 L.Ed. 516.

Even if the Copyright Act did not provide that such actions may be brought by the copyright proprietor, plaintiff is the principal and ASCAP is the agent so that under elementary principles, in an action against a stranger, the principal is the proper party plaintiff."

 The cases cited by the defendant do not sustain his contention that the actual damages to the plaintiff are, at most, the loss to it of the license fee and I know of no case involving the infringement of a copyright which so decides.

Sec. 25 of the Copyright Act provides:

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:

"(a) To an injunction restraining such infringement;

"(b) To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, * * * or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, * * * and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty. * * *"

In Douglas v. Cunningham, 294 U.S. 207, 209, 55 S.Ct. 365, 366, 79 L.Ed. 862, the court said:

"The phraseology of the section (25(b) was adopted to avoid the strictness of construction incident to a law imposing penalties, and to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits. In this respect the old law was unsatisfactory. In many cases plaintiffs, though proving infringement, were able to recover only nominal damages, in spite of the fact that preparation and trial of the case imposed substantial expense and inconvenience. The ineffectiveness of the remedy encouraged willful and deliberate infringement.

"This court has twice construed section 25(b) in the light of its history and purpose. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 466; Jewell-LaSalle Realty Co. v. Buck, 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978. As shown by those decisions, the purpose of the act is not doubtful. The trial judge may allow such damages as he deems to be just and may, in the case of an infringement such as is here shown, in his discretion, use as the measure of damages one dollar for each copy—Congress declaring, however, that just damages, even for the circulation of a single copy, cannot be less than $250, and no matter how many copies are made, cannot be more than $5,000. In the Westermann & LaSalle cases it was held that not less than $250 could be awarded for a single publication or performance. It follows that such an award, in the contemplation of the statute, is just. * * *"

The defendant's motion to dismiss is denied.

 In lieu of actual damages and profits, and in conformity with a long line of decisions in similar cases, I find that the sum of $250 is just damages and that a reasonable attorney's fee is $100. The plaintiff is also entitled to an injunction as prayed for and its costs.

The plaintiff will prepare a judgment in accordance with this opinion.