AMSTERDAM SYNDICATE, INC., OF UNITED STATES et al. v. FULLER.

No. 13203.

Circuit Court of Appeals, Eighth Circuit.

April 9, 1946.

Arnold Just, of St. Louis, Mo. (Herbert F. Hahn, of St. Louis, Mo., on the brief), for appellants.

G. M. Rebman, of St. Louis, Mo. (Sievers & Reagan, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is a copyright infringement case. The plaintiffs, appellants, are the owners

and licensees of two books of copyrighted advertising material. The defendant, appellee, is engaged in the jewelry business at Rolla, Missouri. On February 9, 1943, the plaintiff Local Trademarks, Inc., entered into a written contract with defendant, giving him a limited right to use certain of the copyrighted reading matter. The material part of the contract, identified in the record as Exhibit A, reads:

"Ship by Express F.O.B. New York, as soon as possible Fifty Two (52) mats size about 2 Col. and reading matter * * * from the Copyrighted Know Your America Series, and I/we hereby agree to pay you at New York at the rate of One and 50/100 Dollars per mat, total Seventy Eight 00/100 Dollars ($78–00/100) for my/our right to use the above mats and reading matter for One Year only from the first of the month following date of shipment in advertising the Jewelry business in newspapers of and other media of Rolla State of Missouri only. * * *

"Name J. J. Fuller Jeweler".

The facts were stipulated. The sixth stipulation reads:

"That the defendant published and used forty-seven mats and reading matter prior to the expiration of the contract referred to as Exhibit A, and that the publication of the five mats set out above occurred after the expiration of the contract."

For each of the 5 publications occurring after the expiration of the contract the plaintiffs in this suit seek to recover $250, or $1250 in all, under the "in lieu" clause of the Copyright Act.[1] The trial court denied recovery, resting its decision not on the construction of the statute, but on the ground that the contract of February 9, 1943, "contained no limitation as to the time within which defendant was required to use said advertising mats."

The defendant's position here, as it was in the trial court, is that the contract is ambiguous and that since the contract form was furnished by the plaintiffs the ambiguity must be resolved against the draftsman and in favor of the defendant.

Counsel argue that by the terms of the contract the defendant purchased 52 mats and reading matter and that the essence of the contract is a user and not a time limit.

The general rule is that a contract will be construed against a party using words only if a satisfactory result can not be reached by other rules of construction. 17 C.J.S., Contracts, § 324. We think the contract is too clear to require construction. It reads, "Ship * * * 52 mats * * * from the copyrighted Know Your America. * * * and I hereby agree to pay you at New York * * * Seventy Eight Dollars * * * for my right to use the above mats and reading matter for one year only * * * in advertising the Jewelry business in newspapers. * * *" Conceding that the "use" of the mats "for advertising" is the essence of the contract, that right is limited to "one year only." This limitation is as definitive of the rights and undertakings of the parties as any other words of the contract, and the court is bound to give effect to the meaning of the words as written.

The fact that the demand of the plaintiffs appears in this case to be harsh and unreasonable can make no difference. The "in lieu" provisions of the statute under which the action is brought are, in contemplation of law, "just," Douglas v. Cunningham, 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862; and if in fact the awards compelled by the statute are "unjust" and unreasonable, "the remedy lies with Congress," and not with the courts. Jewell-LaSalle Realty Co. v. Buck, 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978. See, also, Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499; Buck v. Jewell-LaSalle Realty Co., 8 Cir., 51 F.2d 730; and Johns & Johns Printing Co. v. Paull-Pioneer Music Corporation, 8 Cir., 102 F.2d 282. The contract in this case must be construed literally and as it reads without regard to the reasonableness of the result.

[1] 17 U.S.C.A. § 25. "If any person shall infringe the copyright * * * such person shall be liable * * * (b) To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement * * * or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, but * * such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty."

344

■ Further, on August 26, 1943, in a letter written to the plaintiff, Local Trademarks, Inc., the defendant recognized the time limit in the contract; and in a letter sent by plaintiff to defendant under date of February 2, 1944, he was notified that his "present contract expires February 29, 1944"; and a renewal was solicited. Again, the sixth stipulation of facts, supra, admits the unequivocal meaning of the expiration date of the license to use the copyrighted advertising material. Under such circumstances the courts are without power to relieve a litigant from the obligations of his contract.

Accordingly the judgment appealed from is reversed and the case is remanded with directions to enter judgment for the plaintiffs.

Reversed and remanded with directions.