EDWIN H. MORRIS & COMPANY, Inc.
and
Chappell & Co., Inc., Plaintiffs,

v.

Joe BURTON, Defendant.
Civ. A. No. 10984-C.

United States District Court
E. D. Louisiana,
New Orleans Division.

Dec. 21, 1961.

Charles M. Lanier, of Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for plaintiffs.

No appearance was made for defendant.

WEST, District Judge.

### Findings Of Fact And Conclusions Of Law

The above-entitled cause came before the Court on December 13, 1961, on plaintiffs' motion for Summary Judgment:

### Findings Of Fact

This action, arising under Title 17 U.S.C., was commenced on April 3, 1961, by Edwin H. Morris & Company, Inc., owner of the copyright to the musical composition "Tenderly", and Chappell & Co., Inc., owner of the copyrights to the musical compositions "How High The Moon" and "This Can't Be Love". The essential allegations of the complaint are that the defendant, Joe Burton, as proprietor of the Night-Club known as "Joe Burton's Lounge", located at 3340 Canal Street, New Orleans, Louisiana, in this District, on August 3, 1960, and at other times prior and subsequent thereto, without the knowledge, consent or approval of the above copyright owners, and in infringement of their copyrights, gave public performances for profit of the above-named musical compositions on the premises of "Joe Burton's Lounge" and that the said defendant threatened to continue such infringing performances unless restrained by this Court. The plaintiffs, joined in the action in conformance with Rule 20 of the Federal Rules of Civil Procedure, 28 U.S.C., prayed for injunctive relief, statutory damages, reasonable attorneys' fees and costs in accordance with Title 17 U.S.C. §§ 101 and 116. The defendant filed an answer in which he denied all of the allegations of the complaint, the great majority for lack of sufficient information, except that he admitted that he resided within this District, that he owned and controlled "Joe Burton's Lounge" and that, generally, musical compositions were and are being publicly performed for profit in his establishment for the purpose of attracting and entertaining patrons.

Subsequent to the filing of the defendant's answer, on September 5, 1961, in conformity with Rule 36 of the Federal Rules of Civil Procedure, the plaintiffs served upon the defendant a Request for Admissions in which the plaintiffs requested the defendant to admit or deny, within ten days after service, the validity of the thirty-three statements of fact contained in the Request and the copies of the Certificates of Copyright Registration for the musical compositions in the plaintiffs' names, which had been annexed to and made a part of the Request for Admissions. This Request for Admissions incorporated the essential allegations of the complaint necessary to establish the plaintiffs' case, which had been previously denied by the defendant in his answer. The defendant, despite the urging of the plaintiffs and despite their repeated warnings,

chose to ignore the Request for Admissions and has not answered any of the statements made therein nor commented on the validity of the documents that had been annexed thereto.

On November 6, 1961, over three months after service of the Request for Admissions upon the defendant, the plaintiffs filed this Motion for Summary Judgment, stating, in essence, that because of the defendant's failure to respond to the Request for Admissions, under the provisions of Rule 36 of the Federal Rules of Civil Procedure, the defendant should be deemed to have admitted all of the facts as to which admissions were requested, as well as the validity of the documents annexed thereto. This being so, it is urged and the facts and documents admitted constituting all of the essential allegations necessary for establishment of a cause of action under Title 17 U.S.C., no genuine issue of fact remains to be tried and the plaintiffs are entitled to Summary Judgment as a matter of law under the provisions of Rule 56(c) of the Federal Rules of Civil Procedure. Annexed to this motion and offered in evidence, were the affidavits of two eyewitnesses who swore that they were present in the defendant's establishment on the night in question, that they purchased refreshments while they were there and that they heard the musical compositions belonging to the plaintiffs performed by an orchestra hired by the defendant to entertain his patronage. Attached to these affidavits were photostatic copies of the notes which these witnesses made while in attendance at the defendant's establishment. Also annexed to the motion was an affidavit executed by one of the plaintiffs' attorneys in which he set forth the history of these proceedings, as above related, and the substantial amount of legal work performed to justify the prayer for attorneys' fees. An extensive memorandum of authorities in support of the Motion for Summary Judgment was also submitted by plaintiffs' counsel. At the hearing on the Motion for Summary Judgment, on December 13, 1961, defendant failed to appear and offered no opposition to the Motion.

### Conclusions Of Law

It is apparent that the plaintiffs are entitled to the relief prayed for as a matter of law. Rule 56(c) of the Federal Rules of Civil Procedure, which provides for Summary Judgment in certain cases, states that "the judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" From the pleadings in the record, it is evident that there is no genuine issue as to any material fact necessary to establish the plaintiffs' case.

Under Rule 36 of the Federal Rules of Civil Procedure, by his failure to respond to the Request for Admissions, the defendant is deemed to have admitted all material facts therein contained. Reported cases clearly indicate that, where a defendant has failed to file any response to a Request for Admissions incorporating the essential allegations of the complaint, an award of Summary Judgment is proper. Walsh v. Connecticut Mutual Life Ins. Co., 26 F.Supp. 566, 573 (S.D.N.Y.1939); Modern Food Process Co. v. Chester Packing & Provision Co., 30 F.Supp. 520, 521 (E.D.Pa.1939). And see Gilbert v. General Motors Corporation, 133 F.2d 997, 1002 (2d Cir. 1943). Moreover, the affidavits filed by the plaintiffs in support of their Motion for Summary Judgment, which were not answered or denied by the defendant, support the fact of the violations complained of. By failing to respond to the plaintiffs' Request for Admissions (and despite his denial in his answer previously filed), under Rule 36 the defendant is deemed to have admitted the following essential allegations contained therein, which are also essential allegations of the complaint

necessary to the statement of a cause of action under Title 17 U.S.C.:

(1) The originality and authorship of the three musical compositions involved;

(2) Compliance with all formalities required to secure copyright under the Copyright Law, Title 17 U.S.C.;

(3) That plaintiffs are the proprietors of the respective copyrights of the three compositions involved in this action;

(4) That those compositions were performed publicly for profit at "Joe Burton's Lounge" on August 3, 1960; and

(5) That defendant had not received permission from any of the plaintiffs or their representatives for such performances.

Summary Judgments to copyright owners in actions based on copyright infringements, as in this case, should be granted, where, on the basis of the pleadings, Admissions and Affidavits, there is no genuine issue of fact to be tried. Houghton Mifflin Co. v. Stackpole Sons, Inc., 113 F.2d 627 (C.A.2d 1940); Home Art v. Glensder Textile Corp., 81 F.Supp. 551 (S.D.N.Y.1948); Associated Music Publishers, Inc. v. Debs Memorial Radio Fund, 141 F.2d 852 (C.A.2d 1944), cert. den. 323 U.S. 766, 65 S.Ct. 120, 89 L.Ed. 613 (1944). Here, the essential allegations necessary to the establishment of the cause of action being deemed to have been admitted, the plaintiffs are entitled to the relief sought.

■ Plaintiffs are entitled to an injunction and $250.00 as minimum damages in each cause of action, under 17 U.S.C. § 101, which provides in part:

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:

"(a) *Injunction*—To an injunction restraining such infringements;

" (b) *Damages and profits; amount; other remedies.* To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement * * * and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250."

Here, where the plaintiffs have proved infringement on the part of the defendant, but have not submitted proof of the actual damages, award of $250.00 as minimum damages in each cause of action is mandatory. Jewell-LaSalle Realty Co. v. Buck, 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978 (1931); L. A. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499 (1919); F. W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952); Interstate Hotel Co. of Nebraska v. Remick Music Corp., 157 F.2d 744 (C.A.8th 1946), cert. den. 329 U.S. 809, 67 S.Ct. 623, 91 L.Ed. 691 (1947), rehearing denied 330 U.S. 854, 67 S.Ct. 769, 91 L.Ed. 1296 (1947); Widenski v. Shapiro, Bernstein & Co., 147 F.2d 909 (C.A.1st 1945).

■ Award of a counsel fee to the prevailing party in a copyright infringement action is expressly authorized by 17 U.S.C. § 116, which states:

"In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs."

The Court is of the opinion that an award of the sum of $400.00 would be reasonable under the circumstances. The substantial amount of legal work required on behalf of plaintiffs is shown by the affidavit of one of plaintiffs' counsel and more than justifies the award of the amount agreed upon. Plaintiffs' costs have been shown to be $20.00, including filing the complaint and services. Judgment will be entered accordingly.