Richard **RODGERS**, Alan Jay Lerner, Burton Lane, Bregman, Vocco & Conn, Inc., and Remick Music Corporation, Plaintiffs,

v.

**LIVING ROOM LOUNGE, INC.,**
Defendant.

Civ. A. No. 67–860.

United States District Court
D. Massachusetts.

Nov. 5, 1968.

Stephen A. Hopkins, Boston, Mass., for plaintiffs.

Jerome A. Polcari, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action brought pursuant to the provisions of 17 U.S.C.A. § 101 et seq. The matter came before the Court on the basis of plaintiffs' motion for summary judgment. The motion is grounded upon the complaint, defendant's answer, plaintiffs' request for admissions, defendant's answers to plaintiffs' request for admissions, deposition of Peter J. Fiumara, Jr., President of the defendant corporation, and upon the affidavits of Robert Newman, Lori Newman and Stephen A. Hopkins, attached to the motion for summary judgment. No counter-affidavits have been filed or tendered, nor has any request for leave to file counter-affidavits been submitted to the Court since the filing of plaintiffs' motion on October 1, 1968.

At the hearing on this motion plaintiffs filed duly certified copies of the copyright to the musical compositions "The Sweetest Sounds," "On a Clear Day (You Can See Forever)," "Bye Bye Blackbird," and "Fools Rush In (Where Angels Fear to Tread)."

Defendant admitted, in its responses to plaintiffs' request for admissions, that on September 20, 1967 its establishment, known as the "Livingroom," was open to members of the general public, that on that date food and beverages were sold to patrons, and that musical compositions were performed and played at the "Livingroom."

The affidavit of Robert Newman establishes (1) that he has acted as business manager or agent for orchestras, (2) that he is thoroughly familiar with popular music of the type performed at the "Livingroom," (3) that he was retained by the American Society of Composers, Authors and Publishers (known as ASCAP) for the specific purpose of going to defendant's establishment and making a list of all recognizable musical compositions played there on that date, (4) that on September 20, 1967, in the company of another ASCAP employee, Lori Newman, he went to defendant's premises and heard, *inter alia*, the following musical compositions performed: "The Sweetest Sounds," "On a Clear Day," "Bye Bye Blackbird," and "Fools Rush In," (5) that Mr. Newman made a separate written notation of the time and manner of performance of each of these four named songs which he heard performed while at defendant's establishment, and (6) that prior to September 20, 1967 he had heard the named

musical compositions many times and was able to recognize and identify them at any time they were played in his hearing.

I give no weight to the purported corroborating affidavit of Lori Newman, which was signed but not sworn to.

On the basis of the foregoing, it is clear that on the basis of the pleadings, depositions and admissions on file, together with the affidavits, there is no genuine issue as to any material fact and that plaintiffs are entitled to judgment as a matter of law.

Plaintiffs' motion for summary judgment is allowed in the amount of the statutory minimum set out in 17 U.S.C. A. § 101(b) of $250.00 per count for each of the four counts. Jewell-LaSalle Realty Co. v. Buck, 283 U.S. 202, 208, 51 S.Ct. 407, 75 L.Ed. 978 (1931). I further find that plaintiffs are entitled to a reasonable attorney's fee under the provisions of 17 U.S.C.A. § 116, and that a reasonable attorney's fee herein is the sum of $350.00.

Judgment accordingly.