**DREAMLAND BALL ROOM, Inc., et al. v. SHAPIRO, BERNSTEIN & CO. SAME v. LEO FIEST, Inc., SARGENT v. AGER, YELLEN & BORNSTEIN, Inc.**

Circuit Court of Appeals, Seventh Circuit.
December 11, 1929.

Nos. 4156–4158.

Phelps F. Darby, of Evansville, Ind., for appellants.

E. S. Hartman, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Because the questions presented are identical, all three appeals will be disposed of in one opinion. Each decree appealed from enjoined one group of appellants from publicly performing "a certain musical composition" in their dance hall, and awarded appellee $250 damages and costs, and $100 attorneys' fees. In each suit the aforesaid musical composition was copyrighted, and the copyright owned or controlled by the party bringing the suit.

Appellants owned, or operated for profit, or directed the operation of, a dance or amusement hall to which the public was invited for entertainment, and for which a charge was made. An orchestra furnished music, and at times played one or more of the copyrighted compositions without the consent of appellee. Infringement by the orchestra is conceded.

Appellants assign error, because: (a) Any relief was granted appellee; (b) the damages are excessive.

■ (a) An orchestra of several persons was engaged, through a contract with its leader, to furnish music (from 8:30 to 11:30 p. m.) on certain nights for $37 per night. Appellants assert they had no voice in the selection of the musicians and had no control over the players, nor did they, nor could they, determine the musical selections to be rendered during an evening's engagement. They did not direct the playing of any selection, and did not know that any musical selection played by the orchestra was copyrighted. Neither did they know the orchestra was without consent from appellees to play the copyrighted musical selections "Mississippi Mud," "My Ohio Home," and "Dream Kisses."

Appellants dispute liability on the ground that the contract with the orchestra made that organization an independent contractor, and, for its torts, it alone was liable. This contention has been made and rejected in numerous cases. The authorities are, we believe, unanimous in holding that the owner of a dance hall at whose place copyrighted musical composition are played in violation of the rights of the copyright holder is liable, if the playing be for the profit of the proprietor of the dance hall. And this is so even though the orchestra be employed under a contract that would ordinarily make it an independent contractor. Herbert v. Shanley Co., 242 U. S. 591, 37 S. Ct. 232, 61 L. Ed. 511; Irving Berlin, Inc., v. Daigle (D. C.) 26 F.(2d) 149 [affirmed in (C. C. A.) 31 F. (2d) 832]; Harms v. Cohen (D. C.) 279 F. 276; Witmark & Sons v. Pastime Amusement Co. (D. C.) 298 F. 470 [affirmed in (C. C. A.) 2 F.(2d) 1020].

■ (b) Damages. Appellants' argument in support of their position respecting the amount of damages, too, has much appeal. But, unfortunately for them, there are too many judicial precedents which we can neither hurdle nor side-step to permit us to adopt their construction of a statute which has been somewhat aptly described as "inartificially drawn." The opinions in Westermann Co. v. Dispatch Co., 249 U. S. 100, 107, 39 S. Ct. 194, 63 L. Ed. 499; Brady v. Daly, 175 U. S. 148, 20 S. Ct. 62, 44 L. Ed. 109; Buck v. Duncan (D. C.) 32 F.(2d) 366; Irving Berlin v. Daigle (C. C. A.) 31 F.(2d) 832; Buck v. Milam (D. C.) 32 F. (2d) 622, settle this question and adversely to appellants.

The decree in each suit is affirmed.