UNIVERSAL STATUARY CORPORA-
TION, Appellant,

v.

Claudie A. GAINES and Mary Gaines, d/b/a Gaines Novelty Shop, Appellees.

No. 19681.

United States Court of Appeals Fifth Circuit.

Dec. 5, 1962.

Carlisle Blalock, Dallas, Tex., Henry J. Gens, Chicago, Ill., for appellant.

Cecil L. Wood, Dallas, Tex., for appellees.

Before BROWN and BELL, Circuit Judges and SIMPSON, District Judge.

PER CURIAM.

After finding the thirteen copyrights on works of art sued upon valid and infringed, the District Court held that the infringements by appellees resulted in injury and damage to appellant and profits to appellees, and that neither could be accurately ascertained and computed. Appellant, in addition to other relief, was awarded damages in the total amount of $250 as a result of the infringement in lieu of actual damages and profits.

The appeal is from that part of the final judgment limiting the amount of damages to $250, appellant contending that the District court erred in failing and refusing to award damages in an

amount not less than $250 nor more than $5,000 for each of the thirteen separate and distinct copyrights which the court found to be infringed. The appeal is meritorious. The governing statute is clear.[1]

 The Supreme Court has so held in a multiple-copyright infringement case, L. A. Westermann Company v. Dispatch Printing Company, 1919, 249 U.S. 100, 73 S.Ct. 225, 97 L.Ed. 280, and has also held that the discretion of the trial court in assessing such damages as appear just is limited by the statutory minimum of $250 and maximum of $5,000. Westermann, supra; Jewell-LaSalle Realty Company v. Buck, 1931, 283 U.S. 202, 73 S.Ct. 226, 97 L.Ed. 281; Douglas v. Cunningham, 1935, 294 U.S. 207, 73 S.Ct. 224, 97 L.Ed. 280; and F. W. Woolworth Company v. Contemporary Arts, Inc., 1952, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276. Recent cases involving the award of damages in multiple-copyright infringement cases, and where the teachings of the Supreme Court were followed are Edwin H. Morris & Company v. Burton, E.D.La., 1961, 201 F. Supp. 36, Inter-City Press, Inc. v. Siegfried, W.D.Mo., 1958, 172 F.Supp. 37; and Local Trademarks, Inc. v. Grantham, D.C.Neb., 1957, 166 F.Supp. 494.

While we would ordinarily remand with the direction that the District Court fix damages within the statutory limits, it will not be necessary here because counsel for Appellant has agreed that the Appellant will accept the statutory minimum of $250.00 for each of the thirteen copyrights infringed. Appellant will therefore be entitled only to $250 for each of the thirteen copyrights infringed. We reverse and remand so that judgment may be entered accordingly.

1. Title 17 U.S.C.A. § 101, in pertinent part:
"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:
\* \* \* \* \*
"(b) Damages and profits; amount; other remedies.—
"To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, and in proving profits the plaintiff shall be required to prove sale only, and the defendant shall be required to prove every element of cost which he claims, or in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated \* \* \* and such damages shall in no other case exceed the sum of $5,-000 nor be less than the sum of $250, and shall not be regarded as a penalty \* \* \*"