**KECA MUSIC, INC., Big Elk Music, Jobete Music Co., Inc., and Black Bull Music, Inc., Plaintiffs,**

v.

**DINGUS McGEE'S CO., Defendant.**

**Civ. A. No. 76CV107–W–3.**

United States District Court, W. D. Missouri, W. D.

April 30, 1977.

---

Gordon D. Gee, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for plaintiffs.

James C. Wirken, Spradley, Morrison & Wirken, Kansas City, Mo., for defendant.

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ORDER DIRECTING PLAINTIFFS TO FILE AFFIDAVITS IN SUPPORT OF PRAYER FOR ATTORNEYS FEES

WILLIAM H. BECKER, Senior District Judge.

This is an action under the Copyright Act of 1909, as amended, Section 1, et seq., Title 17, United States Code. Plaintiffs KECA Music, Inc., Big Elk Music, Jobete Music Co., Inc., and Black Bull Music, Inc., seek injunctive relief, statutory damages, and attorneys fees for alleged infringement by defendant Dingus McGee's Co. of plaintiffs' copyrights in six musical compositions by giving unauthorized performances of each of these compositions at its establishment, Dirty McNasty's Boiler Room, on August 20 and 21, 1975.

Plaintiffs have moved for summary judgment on the grounds that defendant's admissions, the exhibits, and affidavits filed show that there are no material factual issues in dispute and that plaintiffs are entitled to judgment as a matter of law. Defendant has filed suggestions in opposition. Plaintiffs filed a reply.

For the reasons stated below, it is concluded that plaintiffs are entitled to summary judgment.

I. Findings of Fact.

Plaintiff KECA Music, Inc. is the registered owner of a copyright in a musical composition entitled "Midnight Train to Georgia" by James D. Weatherby. Plaintiff Big Elk Music is the registered owner of copyrights in three musical compositions entitled "Saturday in the Park", by Robert Lamm; "Feelin' Stronger Every Day", by Peter Cetera; and "(I've Been) Searchin' So Long", by James Pankow. Plaintiffs Jobete Music Co., Inc. and Black Bull Music, Inc. are the registered owners of copyrights in two musical compositions entitled "You Haven't Done Nothin' ", by Stevie Wonder, and "Tell Me Something Good",[1] by Stevie Wonder.[2]

---

1. The copyright to the musical composition "Tell Me Something Good" is registered jointly to Stein & Van Stock, Inc. and Black Bull Music, Inc. Plaintiff Jobete Music Co., Inc. is the successor in interest to Stein & Van Stock, Inc. as a result of the merger of the two corporations on September 7, 1976. See Exhibit H to "Plaintiffs' Motion for Summary Judgment", filed December 23, 1976.

2. See Certificates of Registration, Exhibits A through G to "Plaintiffs' Motion for Summary Judgment", filed December 23, 1976. The certificates are prima facie evidence of plaintiffs' ownership of the copyrights under Section 209, Title 18, United States Code. *Blumcraft of Pittsburg v. Newman Brothers, Inc.,* 373 F.2d 905 (6th Cir. 1967). Defendant has presented no evidence tending to rebut the prima facie

Defendant Dingus McGee's Co. owns, operates, and maintains Dirty McNasty's Boiler Room as a cocktail lounge and restaurant located at 512 Delaware, Kansas City, Missouri.

The uncontroverted affidavits of Eugene Steinfeld and Deena Steinfeld, both qualified musicians who were familiar with each of plaintiffs' copyrighted musical compositions and who were present at the time, establish that on the evenings of August 20 and 21, 1975, the following musical compositions were performed at Dirty McNasty's Boiler Room: "Midnight Train to Georgia", "Saturday In The Park", "Feelin' Stronger Every Day", "(I've Been) Searchin' So Long", "You Haven't Done Nothin'", and "Tell Me Something Good." Defendant has alleged that any musical compositions that were played at its establishment were not musical compositions that were substantially similar to the musical compositions of which plaintiffs are the copyright owners. However, defendant has admitted that it has no record or knowledge of what musical compositions were played at Dirty McNasty's Boiler Room on the evenings of August 20 and 21, 1975. Further, defendant has not filed any affidavits or other evidence which show that a factual issue exists concerning the nature of the musical compositions played on those evenings.[3] Therefore, on the basis of the affidavits of Eugene Steinfeld and Deena Steinfeld, it is found that plaintiffs' copyrighted musical compositions were played at Dirty McNasty's Boiler Room on August 20 and 21, 1975.

## II. Conclusions of Law.

■ Under Rule 56, F.R.Civ.P., summary judgment is appropriate

. . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Under the foregoing standard, plaintiffs are entitled to summary judgment.

Section 1(e) of the Copyright Act of 1909, as amended, Section 1(e), Title 17, United States Code, confers upon the owner of a copyright in a musical composition the right "[t]o perform the copyrighted work for profit . . . ." The purpose of this statutory provision

. . . was to prohibit unauthorized performance of copyrighted musical compositions in such public places as concert halls, theatres, restaurants, and cabarets. . . . An orchestra or individual instrumentalist or singer who performs a copyrighted musical composition in such a public place without a license is thus clearly an infringer under the statute. The entrepreneur who sponsors such a public performance for profit is also an infringer—direct or contributory.

*Twentieth Century Corp. v. Aiken,* 422 U.S. 151, 157, 95 S.Ct. 2040, 2044, 45 L.Ed.2d 84, 90 (1975). Because unlicensed performances of plaintiffs' copyrighted musical compositions occurred at defendant's place of business on August 20 and 21, 1975, defendant is an infringer of plaintiffs' copyrights under Section 1 of the Copyright Act of 1909.

■ Defendant asserts the defense that if plaintiffs' copyrighted musical compositions were performed by musical groups hired by it, the musical compositions were performed in direct contravention of specific directions from defendant to perform only original musical compositions. However, liability as an infringer requires only that the infringing party have the right and ability to supervise the infringing activity and also a direct financial interest in such

evidence of plaintiffs' ownership of the copyrights.

**3.** In opposing a properly supported motion for summary judgment, the adverse party may not rest upon his pleadings, but must set forth specific facts, by affidavit or otherwise, show-

ing that there is a genuine issue for trial. Rule 56(e), F.R.Civ.P., *Anderson v. Viking Pump Division,* 545 F.2d 1127 (8th Cir. 1976); *Cervantes v. Time, Inc.,* 464 F.2d 986 (8th Cir. 1972).

activity. *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159 (2nd Cir. 1971); *Shapiro, Bernstein & Co. v. H. L. Green Co.*, 316 F.2d 304 (2nd Cir. 1963). A person who has promoted or induced the infringing acts of a performer is jointly and severally liable as a "vicarious" infringer even though he has no actual knowledge that a copyright is being infringed by the performer. *Shapiro, Bernstein & Co. v. H. L. Green Co., supra*; *Dreamland Ball Room, Inc. v. Shapiro, Bernstein & Co.*, 36 F.2d 354 (7th Cir. 1929). Further, the owner of an establishment who hires a performer who gives an unlicensed performance of a musical composition is liable as an infringer even if the performer acted in specific derogation of directions by the owner not to play copyrighted compositions. *Shapiro, Bernstein & Co. v. Veltin*, 47 F.Supp. 648 (W.D.La.1942). Therefore, even assuming the truth of defendant's allegation, the allegation does not present a defense.

■ Section 25 of the Copyright Act of 1909, Section 101, Title 17, United States Code, provides in pertinent part:

> If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:
>
> (a) *Injunction.*—to an injunction restraining such infringement;
>
> (b) *Damages* . . .—to pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement . . . or in lieu of actual damages and profits, such damages as to the court shall appear to be just . . . and such damages shall [not] exceed the sum of $5,000 nor be less than the sum of $250 . . . .

Plaintiffs are entitled to an injunction restraining defendant from further infringe-

ment of their copyrights. Because plaintiffs have offered no proof of actual damages, in the discretion accorded by Section 25 of the Copyright Act of 1909, an award of $250 statutory damages will be made for each infringement.[4]

Section 40 of the Copyright Act of 1909, Section 116, Title 17, United States Code, provides that

> [i]n all actions, suits, or proceedings under this title . . . full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs.

Plaintiffs will be awarded a reasonable attorneys fee. Plaintiffs will be directed to file affidavits setting forth the time and expenses incurred by plaintiffs' counsel to date in accordance with the standards set forth in *Lindy Brothers Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3rd Cir. 1973), *appeal following remand* 540 F.2d 102 (3rd Cir. 1976).

A formal final judgment will be entered following a determination of the reasonable attorneys fee.

For the foregoing reasons, it is therefore

ORDERED and ADJUDGED that plaintiffs' motion for summary judgment be, and it is hereby, granted. It is further

CONCLUDED that defendant Dingus McGee's Co., its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, be, and they are hereby, enjoined and restrained from further infringement of plaintiffs' copyrights in the musical compositions "Midnight Train to Georgia", "Saturday In The Park", "Feelin' Stronger Every Day", "(I've Been) Searchin' So Long", "You Haven't Done Nothin'", an "Tell Me Something Good." It is further

---

**4.** In the absence of proof of actual damages, unless the number of infringing performances of a copyrighted musical composition exceeds twenty-five, the minimum allowance of $250 must be made. *Jewell-LaSalle Realty Co. v. Buck*, 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978, 982 (1931); *Robert Stigwood Group Ltd. v. O'Reilly*, 530 F.2d 1096 (2nd Cir. 1976).

CONCLUDED that plaintiffs KECA Music, Inc., Big Elk Music, Jobete Music Co., Inc., and Black Bull Music, Inc. have and recover of and from defendant Dingus McGee's Co. the sum of One Thousand Five Hundred Dollars ($1,500.00) statutory damages, plus their costs herein expended. It is further

ORDERED that plaintiffs be, and they are hereby, directed to file on or before May 18, 1977, an affidavit of time and expenses incurred by plaintiffs' counsel as hereinabove provided.