**FOURTH FLOOR MUSIC, INC., et al., Plaintiffs,**

v.

**DER PLACE, INC., et al., Defendants.**

No. CV 82–0–658.

United States District Court, D. Nebraska.

July 13, 1983.

John D. Hartigan, Omaha, Neb., for plaintiffs.

William T. Ginsburg, Omaha, Neb., for defendants.

BEAM, District Judge.

This matter comes before the Court upon plaintiffs' motion for summary judgment (filing 9), filed on April 22, 1983. On the same day, this Court entered an order granting plaintiffs fifteen days in which to file and serve any pleadings, exhibits or briefs in support of their motion. The or-der then allowed defendants fifteen days in which to respond in kind (filing 11).

The Court's review of the file shows that plaintiffs have submitted a number of pleadings, exhibits, and affidavits, as well as a brief in support of its motion. Defendants have not, however, responded to the motion in any respect.

Therefore, the Court deems this matter ripe for consideration of the motion for summary judgment.

## BACKGROUND

Defendant Der Place, Inc., did, at all relevant times pertinent to this action own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as "Larry's Breakdown." That establishment was located at 3244 North 72nd Avenue, in Omaha, Nebraska.

Defendant Richard Ranallo was, at all times pertinent to this action listed in public records as President of Der Place, Inc. At the very least Mr. Ranallo was a stockholder in the corporation who controlled many of the day-to-day operations of Larry's Breakdown, including, to an extent, the hiring and paying of bands providing live entertainment at the bar.

The plaintiffs in this action are the proprietors of certain copyrighted musical compositions which are alleged to have been performed at Larry's Breakdown on August 13 and August 14 of 1982. The compositions, copyright claimants, and dates of alleged performance are as follows:

| Plaintiff | Musical Composition | Date of Infringement |
| --- | --- | --- |
| Fourth Floor Music, Inc. | "The End is Not in Sight" | 8/13/82 |
| Southern Nights Music Co. | "Lookin' for Love" | 8/13/82 |
| Halnat Publishing Co. | "Kansas City (a/k/a K. C. Loving)" | 8/13/82 |
| Cass County Music Company and Red Cloud Music Company | "Tequila Sunrise" | 8/14/82 |

All of the proprietors are members of the American Society of Composers, Authors, and Publishers (ASCAP), an organization which holds a non-exclusive right to license public performances of plaintiff's musical compositions.

The instant lawsuit charges that defendants have infringed upon plaintiffs' copyrighted musical compositions by allowing non-licensed performances of their respective properties at Larry's Breakdown on the dates set forth above, in violation of Title 17 of the United States Code.[1] Plaintiffs seek injunctive relief (17 U.S.C. § 502), statutory damages (17 U.S.C. § 504), and attorneys fees and costs (17 U.S.C. § 505).

## DISCUSSION

It is a well recognized rule of law that five elements must coexist in order to establish an infringement. A claimant must prove:

(1) The originality and authorship of the compositions involved;

(2) Compliance with all formalities required to secure a copyright under Title 17, United States Code;

(3) That they are the proprietors of the copyrights of the compositions involved in this action;

(4) That the compositions were performed publicly for profit; and

(5) That the defendants had not received permission from any of the claimants or their representatives for such performance.

*Broadcast Music, Inc. v. Fox Amusement Co.,* 551 F.Supp. 104, 107 (N.D.Ill.1982); *George Simon, Inc. v. Spatz,* 492 F.Supp. 836, 838 (W.D.Wis.1980); *Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 912 (D.Conn.1980); *Chess Music, Inc. v. Tadych,* 467 F.Supp. 819, 821 (E.D.Wis.1979); *Shapiro, Bernstein & Co. v. "The Log Cabin Club Association,"* 365 F.Supp. 325, 328 n. 4 (N.D. W.Va.1973). *See KECA Music, Inc. v. Dingus McGee's Co.,* 432 F.Supp. 72, 74–75 (W.D.Mo.1977); *see also Chess Music, Inc. v. Bowman,* 474 F.Supp. 184, 185–86 (D.Neb. 1979).

The existence of these elements is not disputed here. Plaintiffs have made out a *prima facie* case as to the first three elements by submitting certified copies of copyright registration certificates. *Boz Scaggs Music v. KND Corp.,* 491 F.Supp. at 912–13. Under 17 U.S.C. § 410(c), registration certificates and subsequent assignments constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate. *See Broadcast Music, Inc. v. Moor-Law, Inc.,* 484 F.Supp. 357, 363 (D.Del.1980); *Remick Music Corp. v. Interstate Hotel Co.,* 58 F.Supp. 523, 531 (D.Neb.1944), *aff'd,* 157 F.2d 744 (8th Cir.1946), *cert. denied,* 329 U.S. 809, 67 S.Ct. 622, 91 L.Ed. 691 (1946), *reh. den.,* 330 U.S. 854, 67 S.Ct. 769, 91 L.Ed. 1296 (1947). None of this evidence is rebutted by defendants.

The last two elements necessary to the proof of copyright infringement have also been established in the instant case. The fact that the copyrighted works were performed at Larry's Breakdown on August 13 and 14 of 1982, is supported by the uncontroverted affidavit submitted on behalf of plaintiffs.[2] Further, the fact that the compositions were performed by independent contractors is of no import, since the owner of the establishment has promoted the infringing acts, even if he/it has no knowledge that a copyright is being infringed. *See KECA Music, Inc. v. Dingus McGee's Co.,* 432 F.Supp. at 75.

Defendants do not dispute that no permission to perform the works was received from either ASCAP or any of the individual artists.

Therefore, the uncontroverted evidence established that defendant, Der Place, Inc., indeed infringed plaintiffs' respective copyrights on August 13 and 14, 1982.

The next issue to be addressed is whether or not defendant, Richard Ranallo, can be held personally liable for the infringements. It is well established that "one may be vicariously liable if he has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *Boz Scaggs Music v.*

---

1. Jurisdiction is invoked and exists under 28 U.S.C. § 1338(a).

2. The uncontroverted affidavits of Anita Sutfin and Robert Sutfin establish that the songs in question were, in fact, performed at Larry's Breakdown on the dates in question.

*KND Corp.*, 491 F.Supp. at 913 (citations omitted). The imposition of liability on a controlling individual is based upon the belief that the individual is in a position to control the conduct of the entity which is the "primary" infringer. 491 F.Supp. at 914 (citations omitted).

■ Although Mr. Ranallo disputes the amount of his control, it is nonetheless uncontroverted that he did have a good bit of control over the day-to-day operations of Larry's Breakdown, especially with regard to entertainment.

Therefore, defendant Ranallo should be held jointly liable with defendant Der Place, Inc.

### SUMMARY JUDGMENT

Summary judgment should be granted "only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(c). It is an extreme and treacherous remedy, which should not be granted unless the moving party has established his right to a judgment with such clarity as to leave no room for controversy, and unless the other party is not entitled to recover under any discernible circumstances. *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Id.* Even if the district court is convinced that the moving party is entitled to judgment, the exercise of sound judicial discretion may dictate that the motion should be denied, in order that the case can be fully developed at trial. *McLain v. Meier*, 612 F.2d 349, 356 (8th Cir.1979).

■ The Court finds that there are no genuine issues of fact with regard to the liability of the defendants for the infringing acts. Therefore, partial summary judgment as to liability will be entered, as well as an injunction prohibiting further infringing performances.

However, it appears as if some conflict exists as to the wilfullness of defendants' actions in failing to secure the necessary licenses. Therefore, the issue of the amount of statutory damages to be awarded under 17 U.S.C. § 504 will be addressed at a hearing held on Friday, July 29, 1983, commencing at 9:00 A.M. in Courtroom # 2, United States Courthouse, 215 North 17th Street, Omaha, Nebraska, before the undersigned Judge. The parties should be prepared to adduce evidence only on the issue of wilfullness, if any, of defendants' failure to obtain licenses.

A separate order will issue in accordance with this Memorandum.