WARNER BROS., INC., et al., Plaintiffs,

v.

LOBSTER POT, INC., et al.,
**Defendants.**

No. C 81–2462.

United States District Court,
N.D. Ohio, E.D.

Feb. 7, 1984.

John F. Novatney, Jr., Baker & Hostetler, Cleveland, Ohio, for plaintiffs.

Edward G. Bohnert, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

WHITE, District Judge.

This is an action for copyright infringement arising under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* Plaintiffs are the proprietors of the copyrights in the following ten musical compositions: (1) "AS TIME GOES BY" owned by WARNER BROS., INC.; (2) "MISTY" owned by VERNON MUSIC CORP.; (3) "RAGS TO RICHES" owned by SAUNDERS PUBLICATIONS, INC.; (4) "STARDUST" owned by MILLS MUSIC, INC.; (5) "PEG O' MY HEART" owned by ROBBINS MUSIC CORP.; (6) "SUMMERTIME" owned by CHAPPEL & CO., INC.; (7) "SPEAK SOFTLY LOVE (LOVE THEME FROM "THE GODFATHER") owned by FAMOUS MUSIC CORP.; (8) "WHEN SUNNY GETS BLUE" owned by MARVIN MUSIC COMPANY; (9) "TO EACH HIS OWN" owned by PARAMOUNT MUSIC CORP.; and (10) "ALL OF ME" owned by BOURNE COMPANY. Plaintiffs allege that Defendants infringed Plaintiffs' copyrights by giving unauthorized public performances of the aforesaid musical compositions on April 30, 1981, at Defendants' establishment, known as Lobster Pot Restaurant, which is located at 4479 Mayfield Road in South Euclid, Ohio.

Plaintiffs seek remedies provided by the Copyright Act, 17 U.S.C. §§ 502(a), 504(c)(1), and 505 (1976),[1] including an injunction prohibiting further infringing performances of the musical compositions in question, statutory damages in an amount ranging between $250 and $10,000 for each cause of action, and costs of the action, including reasonable attorney's fees against Defendant Lobster Pot, Inc., and Defendant J. Ross Haffey, Jr., personally.

Each of the Plaintiffs in this action is a music publisher and a member of the American Society of Composers, Authors and Publishers ("ASCAP"), to which they have granted a nonexclusive right to license nondramatic public performances of their copyrighted musical compositions. On behalf of Plaintiffs and its other members, ASCAP licenses thousands of radio and television stations, restaurants, nightclubs, hotels, taverns and other establishments whose owners desire to publicly perform copyrighted musical compositions in the ASCAP repertory.

Occasionally, however, users decline ASCAP's offer of a license agreement and choose instead to perform copyrighted works without permission from the copyright owners. When this occurs, ASCAP members institute copyright infringement actions such as the case at bar, requesting the relief Plaintiffs here seek.

In response to Plaintiffs' complaint, Defendant J. Ross Haffey, Jr., has filed a motion for summary judgment on the ground that Ohio's corporation law protects him from personal liability. The Plaintiffs

---

**1.** The Copyright Act of 1976 is a revision of the Copyright Act of 1909. The new statute went into effect on January 1, 1978, and governs all copyright actions resulting from infringements which occurred subsequent to that date. Public Law No. 94–553, 90 Stat. 2541. The substantive provisions of the new law pertinent to this case are identical to the corresponding provisions in the 1909 law. The cases cited herein and decided under the old law have continuing viability.

have opposed the motion and in addition, have filed their own motion for summary judgment. For the reasons to be stated below, the Court finds that there is no genuine issue of material fact and that the Plaintiffs' motion for summary judgment is GRANTED and Defendant Haffey's motion for summary judgment is DENIED.

In their answer, Defendants admitted that Lobster Pot, Inc., did at all times relevant to this action own and operate a place of business for public entertainment known as Lobster Pot Restaurant and that J. Ross Haffey, Jr. is the President of Lobster Pot, Inc. Defendants also admitted, in their Answers to the Requests for Admissions, that they have no record or written notation of the musical compositions performed at Lobster Pot Restaurant on April 30, 1981 and that they did not receive permission from Plaintiffs or their agents to perform the musical compositions set forth in the complaint.

The plaintiffs have filed photostatic copies of the certified copyright registration certificates for the musical compositions at issue filed by plaintiffs as Exhibits V(1)— V(10). These copyright certificates constitute *prima facie* evidence of valid copyrights, 17 U.S.C. § 410(c), and together with copies of assignments, establish proof of plaintiff's ownership in the compositions in question. *Flick-Reedy Corp. v. Hydro-Line Manufacturing Company*, 351 F.2d 546 (7th Cir.1965), *cert. denied*, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966).

The affidavits of Michele M. Fedele and Gary J. Fedele establish that the ten copyrighted musical compositions owned by the Plaintiffs were performed at the Lobster Pot Restaurant on April 30, 1981. Although the Defendants have generally denied that the musical compositions were performed at the restaurant on the date alleged, they have offered no affirmative proof that the compositions were not performed. The Defendants' mere denials that the compositions were not played are insufficient to raise an issue of fact to defeat a motion for summary judgment.

The Defendants' claim, as an affirmative defense, that any musical compositions "were performed by musicians and performers over whose activity the Lobster Pot, Inc., and J. Ross Haffey, Jr., had no right and ability to supervise and control," is completely without merit. *Keca Music, Inc. v. Dingus McGee's Company*, 432 F.Supp. 72 (W.D MO 1977); *Famous Music Corp. v. Bay State Harness Horse Racing and Breeding Association, Inc.*, 423 F.Supp. 341 (D. MA 1976), *aff'd.*, 554 F.2d 1213 (1st Cir.1977); *Shapiro Bernstein & Company, Inc. v. H.L. Green Company, Inc.*, 316 F.2d 304, 307–308 (2nd Cir.1963).

Over the years it has been commonplace for defendants in copyright infringement cases to seek to evade responsibility for acts of copyright infringement by reason of the purported "independent contractor defense." In *Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.*, supra, the Court rejected the "independent contractor defense" stating:

"The cases are legion which hold the dance hall proprietor liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income. He is liable whether the bandleader is considered, as a technical matter, an employee or an independent contractor, and whether or not the proprietor has knowledge of the compositions to be played or any control over their selection. [Citations omitted]"

In enacting the new copyright law, which became effective on January 1, 1978, Congress considered and rejected a proposed amendment to the copyright law which would have exempted proprietors of establishments from liability for acts of copyright infringement committed by an independent contractor, such as an orchestra leader. The House Report stated: "The committee has decided that no justification exists for changing existing law, and causing a significant erosion of the public performance right." H.Rep. No. 94–1476,

94th Cong., 2d Sess. (1976) at 160, U.S.Code Cong. & Admin.News 1976, p. 5659.

The Court in *Rogers v. Quest, Inc.*, Nos., C79–243Y and C80–1899Y, at 18, fn. 6 (N.D. OH Oct. 30, 1981), stated that:

> "Even a person who instructs musical groups not to play copyrighted music and then claims ignorance as to their program 'is deemed to have acquiesced in the musicians' performance since he allowed the musicians the discretion to select the program.' *Chess Music, Inc. v. Sipe*, 442 F.Supp. 1184, 1185 (D.C. MN 1977)."

Defendant Haffey knew[2] and participated in the decision to play music at Lobster Pot Restaurant and he cannot escape liability on the grounds that it was played by an independent contractor.

Defendant J. Ross Haffey, Jr., has also pleaded that he is not individually liable for infringement on the grounds that the actions of Haffey "in relation to the Lobster Pot Restaurant were undertaken in his capacity as an officer of the corporation."

■ The defendant has misapplied the applicable law. The test for finding a corporation officer jointly and severally liable with his corporation for copyright infringement is whether the officer "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." See *Famous Music Corp. v. Bay State Harness Horse Racing and Breeding Association, Inc.*, 554 F.2d 1213, 1215 (1st Cir.1977), *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2nd Cir.1971); *Shapiro, Bernstein & Company v. H.L. Green Company*, 316 F.2d 304, 307 (2nd Cir.1963).

■ The Court will first discuss the Defendant Haffey's direct financial interest in the infringing activities. Defendant Haffey has admitted in his Answer to Plaintiffs' Request for Admissions that: (1) Lobster Pot, Inc., owns and operates Lobster Pot Restaurant; (2) that "Defendant J. Ross Haffey, Jr., was on April 30, 1981 [the time of the alleged infringement] the principal shareholder of Lobster Pot, Incorporated;" and that (3) "on April 30, 1981 J. Ross Haffey, Jr., was the President of Lobster Pot, Incorporated and as such was the principal managing officer of the corporation."

Defendant Haffey's answers during his deposition ("Deposition") further substantiates his financial interest in Lobster Pot Restaurant. As the *sole* shareholder in Lobster Pot, Inc., the company which owns Lobster Pot Restaurant, he is the only person who receives dividends from the company and he does so regularly. [Deposition at 5, 53]. Additionally, Defendant Haffey has regularly loaned money to Lobster Pot, Inc., [*Id.* at 15–16], personally guaranteed the company's obligations [*Id.* at 49], and signed mortgages on the company's property and equipment [*Id.* at 23]. Defendant Haffey also owns the building in which the restaurant operates. The evidence supporting Defendant Haffey's direct financial interest in Lobster Pot Restaurant, both as the owner and as a creditor is substantial.

The Court finds that Defendant Haffey had a direct financial interest in Lobster Pot, Inc., and Lobster Pot Restaurant.

■ The next issue is whether Defendant Haffey had the necessary substantial right and ability to supervise or control the infringing activities.

Defendant Haffey's deposition answers establish numerous facts evidencing his "right and ability" to supervise the infringing activity. Defendant Haffey is the president and sole director and owner of Lobster Pot, Inc. [Deposition at 5–7]. He has admitted that he has the final say in all matters concerning the restaurant, including the employment of the day-to-day man-

---

**2.** Defendant Haffey testified at deposition that the piano player who actually performed the infringed songs, "normally starts and ends his performance with God Bless America, ... That is not copyrighted, is it?" Plaintiffs' attorney's response was "Yes, it is Irving Berlin, it is ASCAP." (Haffey Deposition at 41).

ager.[3] [*Id.* at 10–11, 28]. He has stated that the day-to-day manager is directly responsible to him. [*Id.* at 8]. Additionally, Defendant Haffey hired the company's accountants and attorneys. [*Id.* at 16]. Defendant Haffey also admitted in his deposition answers that he participates in decisions such as the determination of the musical policy of Lobster Pot Restaurant. [*Id.* at 30, 33, 51–52].[4] Furthermore, the fact that the defendant told his manager to instruct people *not* to play copyrighted music is indicative of Defendant Haffey's right and ability to control the infringing activity.[5] Lastly, as the plaintiffs point out, the affidavit of Patrick Collins, ASCAP's regional manager establishes that Lobster Pot Restaurant, was contacted at least thirty-eight (38) times by ASCAP representatives prior to the infringing conduct alleged here. Those contacts included at least fifteen (15) personal visits by ASCAP representatives and thirteen (13) letters to Lobster Pot, Inc. Therefore, even though not a required aspect of the test for personal liability, Defendant Haffey, an attorney, knew or should have known of the infringing activities and of his obligation to the individual ASCAP members.

Accordingly, the Court finds that actions by Defendant Haffey were sufficient for the Court to conclude that the defendant had the right and ability to control the infringing activities.

Defendant Haffey's assertion that the "Restaurant is managed on a day-to-day basis by persons other than himself," does not relieve him of liability. The test enunciated by the court in *Boz Scaggs Music v. KND Corporation,* 491 F.Supp. 908 (1980) which had its genesis in *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.,* 443 F.2d 1159 (2d Cir.1971), and *Lottie Joplin Thomas Trust v. Crown Publishers, Inc.,* 456 F.Supp. 531 (S.D. NY 1977), *aff'd.* 592 F.2d 651 (2d Cir.1978), does *not* require active supervision. All that is required is that the individual defendant have the "right and ability" to supervise the infringing activities.

■ The owner of a public restaurant and bar may not frustrate the copyright laws by claiming ignorance of the performer's infringement. *Chess Music, Inc. v. Sipe,* 442 F.Supp. 1184 (D.MN 1977). The owner "is deemed to have acquiesced in the musician's performance as he allowed the musician the discretion to select the program" *Chess Music, Inc.,* at 1185. This is so even if he instructed the performers not to perform copyrighted music. See *Id.; Famous Music Corp. v. Bay State Harness Horse Racing & Breeding Ass'n,* supra, *Keca Music, Inc., v. Dingus McGee's Co.,* 432 F.Supp. 72 (W.D. MO 1977); *Shapiro Bernstein & Co. v. Veltin,* 47 F.Supp. 648 (W.D. LA 1942).

■ Defendant Haffey's final contention that the issue of whether he had the right and ability to supervise or control the infringing activity is an issue of fact, which would preclude this Court from granting summary judgment, is also misplaced. The

---

**3.** For example, when Defendant Haffey was asked "If you disagreed with a decision made by your son [the day-to-day manager], would you have the right and ability to counteract it?" He replied "Sure." [Deposition at 28].

**4.** Another example of defendant's ability to control the infringing activity is as follows:
Q. And when the lawsuit was brought, what steps did you or Lobster Pot take at that point with respect to copyrighted musical compositions that may have been performed at Lobster Pot?
A. Well, we had, prior to bringing of the lawsuit, terminated the entertainment.
Q. And who made that decision?
A. I did.

**5.** Q. I think that there is some evidence that you may have received a telephone call or communications from ASCAP or a note from your secretary that ASCAP was inquiring about a license.
During that stage when it was strictly a communication situation, as distinguished from a lawsuit, what steps if any did you take with respect to those notices or notes?
Q. Well, I don't know that I received anything from ASCAP, but I was aware or made aware during early '81 that somebody said there was a violation. And I went to my son and I said, "you instruct these people they're not to play copyrighted music, period." And I personally spoke to Teleky and said, "you are not to play copyrighted music, period, no exceptions."

Court is persuaded that the defendant's deposition answers have established that there are no remaining issues of *fact*. The question of whether the defendant had the right and ability to control the infringing activity is an issue of law, on which this Court has ruled in favor of the plaintiffs.

As the Court has found that defendant Haffey had both a direct financial interest in the infringing activity and the right and ability to supervise the infringing activity, the Court concludes that Defendant Haffey is personally liable for the infringement of the plaintiffs' copyright.

■ The Court will now address the question of relief and damages.

The plaintiffs have requested an injunction prohibiting the defendants from unlawfully infringing plaintiffs' copyrights in the musical compositions that are the subject of this action. Title 17 U.S.C. § 502(a) provides:

> Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

The Court finds that the plaintiffs are entitled to an injunction and HEREBY ORDERS that: The defendants and all persons acting under the direction, control, permission or authority of defendants are enjoined and restrained permanently from publicly performing the subject compositions or any of them and from causing or permitting the compositions to be publicly performed in defendant's premises, or in any place owned, controlled or conducted by defendant, and from aiding or abetting the public performance of the compositions in any such place or otherwise.

With respect to the amount of damage, the plaintiffs have elected to recover statutory damages, of not less than $250 or more than $10,000 in lieu of actual damages and profits, pursuant to 17 U.S.C. § 504(c)(1).

Where a plaintiff has proven infringement and no proof of actual damages is offered, the Court may not award statutory damages of less than $250 for each infringement. *Jewell-LaSalle Realty Company v. Buck*, 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978 (1931), *Universal Statuary Corp. v. Gaines*, 310 F.2d 647 (5th Cir. 1962). Although the amount of damages allowed must be within the statutory limits, the damages to be assessed are within the discretion of the Court. *Wihtol v. Crow*, 309 F.2d 777 (8th Cir.1962).

The Court assesses the damages to the plaintiffs as $250 for each violation for a total of $2,500.

The plaintiffs have also prayed for attorneys' fee and costs in this action.

Title 17 U.S.C. § 505 provides that the Court, in its discretion, may award attorneys' fees and costs:

> [T]he Court in its discretion may allow the recovery of full costs by or against any party other than the United States or officer thereof. Except as otherwise provided by this title, the Court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

■ The award of attorneys' fees is within the discretion of the trial court. Attorneys' fees are routinely granted in copyright infringement actions. See for example, *Rodgers v. Quests, Inc.*, Nos. C79–243Y and C80–1899Y (N.D. OH Oct, 30, 1981), (damages of $27,750 and attorneys' fees of $26,400); *Iowa State University Research Foundation, Inc. v. American Broadcasting Companies, Inc.*, 475 F.Supp. 78 (S.D. NY 1979), (damages of $15,250 and attorneys' fees of $17,500); *Warner Brothers v. O'Keefe*, 468 F.Supp. 16 (S.D. IA 1977), (damages of $2,500 and attorneys' fees of $3,000).

■ The affidavit of John F. Novatney, Jr. sets forth the work performed by the plaintiffs' attorneys, Baker & Hosteller in this case.

The Court finds that the amount requested by the plaintiffs are reasonable and hereby awards the plaintiffs their attorneys' fees in the amount of $6,393.75 and costs.

The defendant's motion for summary judgment is DENIED and the plaintiffs' motion for summary judgment is GRANTED.

IT IS SO ORDERED.