782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILDLIFE INTERNATIONALE, INC. and JOHN A. RUTHVEN,
Plaintiffs-Appellees, Cross-Appellants,
v.
B. RUSSELL CLEMENTS; B. RUSSELL CLEMENTS dba OLD SQUARE
GALLERY, Defendants-Appellants, Cross-Appellees.
 84-3828, 84-3834
 United States Court of Appeals, Sixth Circuit.
 12/3/85
 
 BEFORE: JONES and WELLFORD, Circuit Judges, and DeMASCIO*, District Judge.
 PER CURIAM.
 
 
 1
 This appeal arises from a complex copyright and trademark suit brought by plaintiff, John Rethven (Ruthven), a wildlife artist, and Wildlife Internationale, Inc. (Wildlife), an entity controlled by Ruthven, which produces and sells reproductions of Ruthven art work. Defendant, B. Russell Clements (Clements), was the president, chief executive officer, and owner of DeSales Ltd., which went bankrupt and is no longer in existence.
 
 
 2
 In 1967, Ruthven and DeSales began a contractual relationship whereby DeSales acquired certain rights to reproduce and sell prints of Ruthven's wildlife works. The original contract was extended in 1968 for an additional five year period. In 1969, Ruthven notified DeSales of his intent to terminate their contractual relationship which resulted in extensive litigation in Ohio state courts. These suits were resolved by a court restraining order and entry of judgment.
 
 
 3
 When DeSales went into bankruptcy in 1971, Wildlife acquired all of the physical Ruthven-related assets by two security agreements. In 1973, Ruthven purchased the reproduction rights previously awarded to DeSales in the state entry of judgment from the trustee in bankruptcy. After the bankruptcy, Clements abandoned use of the entity, DeSales Ltd., and began doing business as Old Square Gallery, a 'family proprietorship.' In 1982, however, Clements advised Ruthven that he intended to offer certain Ruthven prints for sale to the public unless a 'potentially profitable business deal' could first be reached between the parties. Clements then began mailing promotional brochures to potential customers featuring Ruthven prints.
 
 
 4
 Plaintiffs then sued Clements, alleging federal copyright and trademark infringement, federal and state unfair competition claims, and a common law conversion claim and seeking injunctive relief, statutory copyright infringement damages, (17 U.S.C. Sec. 504(c)), attorneys' fees and costs. Judge Rubin found for plaintiffs on all counts, requiring injunctive relief and an award of costs. Judge Rubin did not, however, address the availability of statutory damages.
 
 
 5
 Defendant Clements appealed, proceeding pro se, and plaintiffs cross-appealed, seeking mandatory damages under 17 U.S.C. Sec. 504(c). After a careful review of the briefs and the record, we AFFIRM the district court's determination of Clements' liability on all bases essentially for the reasons set forth in Judge Rubin's order. We must REMAND the case, nevertheless, solely for a determination of the proper amount of statutory damages to be awarded plaintiffs pursuant to the Copyrights Act, 17 U.S.C. Sec. 504(c).
 
 
 6
 In this case, plaintiffs opted for statutory damages in lieu of actual damages. After having found that defendant had infringed plaintiffs' copyrights, the district judge did not include in his judgment the requisite statutory damages. 17 U.S.C. Sec. 504 provides in pertinent part:
 
 
 7
 (a) In General.--Except as otherwise provided by this title, an infringer of copyright is liable for either--
 
 
 8
 (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
 
 
 9
 (2) statutory damages, as provided by subsection (c).
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 (c) Statutory Damages.--
 
 
 13
 (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $250 or more than $10,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
 
 
 14
 In the House report, the scope of a judge's discretion in awarding statutory damages was explained:
 
 
 15
 As a general rule, where the plaintiff elects to recover statutory damages, the court is obliged to award between $250 and $10,000. It can exercise discretion in awarding an amount within that range but, unless one of the exceptions provided by clause (2) is applicable, it cannot make an award of less than $250 or of more than $10,000 if the copyright owner has chosen recovery under section 504(c).
 
 
 16
 H.R. Rep. No. 1476, 94th Cong., 2d Sess. 1, 162, reprinted in 1976 U.S. Code Cong. & Ad. News 5659, 5778. Thus, when a plaintiff has elected statutory damages and has prevailed in a copyright action, he is entitled by law to an award of damages that falls within the minimum and maximum limits set by 17 U.S.C. Sec. 504(c)(1) for each infringement. See Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984); Warner Bros., Inc. v. Lobster Pot, Inc., 582 F. Supp. 478, 484 (N.D. Ohio 1984); United Feature Syndicate, Inc. v. Sunrise Mold Co., 569 F. Supp. 1475, 1480 (S.D. Fla. 1983). The court's discretion is broad in determining the amount of damages within the statutory maximum and minimum, but an award must be made.
 
 
 17
 Accordingly, plaintiffs are entitled to statutory damages for each infringement. We therefore REMAND the case for a determination of the number of infringements and the award to be given for each infringement within the constraints of 17 U.S.C. Sec. 504.[1]
 
 
 
 *
 Honorable Robert E. DeMascio, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 17 U.S.C. Sec. 504(c)(2) permits a court to exercise additional discretion in lessening or enlarging the liability for infringement upon a showing by the infringer of innocent infringement or a proof by the copyright owner of the infringer's wilfulness, respectively. The House report indicates that a court should exercise its power under (2) only in 'exceptional' cases. H.R. Rep. No. 1476, 94th Cong., 2d Sess. 1, 162, reprinted in 1976 U.S. Code Cong. & Ad. News 5659, 5778