**BROADCAST MUSIC, INC., Plaintiff,**

**v.**

**Caroline LARKIN and Robert Larkin, d/b/a Bubba's Cafe, Defendants.**

**Civ. No. 87–0011–P.**

United States District Court, D. Maine.

Oct. 20, 1987.

---

Charles E. Gilbert, III, Bangor, Me., for plaintiff.

Caroline Larkin, Portland, Me., pro se.

Robert Larkin, Portland, Me., pro se.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

### I. INTRODUCTION

Plaintiff, Broadcast Music, Inc., holds the exclusive public performance rights to nu-

merous copyrighted musical works. For a fee, Plaintiff licenses persons and businesses wishing to perform the works in public. Defendants Caroline and Robert Larkin manage and own, respectively, Bubba's Cafe, a Portland restaurant and night club that offers musical entertainment to its patrons. Plaintiff alleges Defendants infringed its copyrights by performing, or permitting the performance of, copyrighted music at Bubba's Cafe without a license from Plaintiff.

The case is before the Court on Plaintiff's Motion for Summary Judgment. Defendants, proceeding *pro se,* have not opposed the motion. The Court must therefore review the materials presented by Plaintiff to determine whether Plaintiff is entitled to summary judgment as a matter of law. *McDermott v. Lehman,* 594 F.Supp. 1315 (Me.1984). To demonstrate that entitlement, Plaintiff must show there are no genuine issues of material fact in its case. Fed.R.Civ.Pro. 56. In assessing the existence of genuine issues, the Court accepts as admitted the statements in Plaintiff's Request for Admissions, which Defendant failed to deny. Fed.R.Civ.Pro. 36; *McDermott,* 594 F.Supp. at 1321.

For reasons set forth herein, the Court grants Plaintiff's motion.

## II. ANALYSIS

### 1. Copyright Infringement

Plaintiff brings suit under the federal Copyright Act, 17 U.S.C. § 101 *et seq.* That Act grants to copyright owners the exclusive right both to perform the copyrighted musical work publicly and to authorize public performance of the work. 17 U.S.C. § 501(a). Copyright owners may, in turn, assign these rights to third parties, like Plaintiff, who act as intermediaries between copyright owners and persons and businesses interested in performing the copyrighted works publicly. Plaintiff has been assigned the public performance rights for numerous copyrighted musical works.

Plaintiff claims that, on March 13 and May 16, 1986, nine of its copyrighted works were performed publicly at Bubba's Cafe without its permission, thereby infringing its public performance rights in violation of the Act.[1] To establish copyright infringement, Plaintiff must show that the works at issue were original; that the copyrights at issue are valid; that Plaintiff has a proprietary right in and to the copyrights at issue; that Defendants' public performance of the works was not authorized by Plaintiff or its representatives; and that the public performance was for profit. *Milene Music, Inc. v. Gotauco,* 551 F.Supp. 1288, 1292 (D.R.I.1982).

■ Plaintiff has entered into the record copies of the copyright registration certificates for the musical works here at issue. These certificates constitute prima facie evidence that the copyrights are valid. *Warner Bros., Inc. v. Lobster Pot, Inc.,* 582 F.Supp. 478 (N.D.Ohio 1984). Defendants have admitted, by their failure to deny Plaintiff's Requests for Admissions, that Plaintiff was the lawful holder or assignee of the public performance rights to the copyrighted musical works at issue.

■ By failing to deny Plaintiff's Requests for Admissions, Defendants' admitted that the works were publicly performed at Bubba's Cafe. Further, two of Plaintiff's representatives visited Bubba's Cafe on March 13 and May 16, 1986, and heard the copyrighted works in question being performed publicly. Their affidavits with respect to those visits have been entered into the record and stand uncontested. It is well settled that investigators' affidavits

---

1. The musical works at issue are:
   1. "In the Midnight Hour," by Wilson Pickett and Steve Cropper;
   2. "The Rose," by Amanda McBroom;
   3. "Take On Me," by Magne Furuholmen, Pal Waaktaar and Morten Harket;
   4. "The Letter," by Wayne Carson Thompson;
   5. "Brown Eyed Girl," by Van Morrision;
   6. "Oh Pretty Woman," by Roy Orbison and Bill Dees;
   7. "Something," by George Harrison;
   8. "The South's Gonna Do It," by Charlie Daniels; and
   9. "Summer of '69," by Jim Vallance and Bryan Adams.

can constitute sufficient proof of live public performance. *Milene*, 551 F.Supp. at 1294.

It is uncontroverted that Bubba's Cafe was open to the public on the nights in question. Although no evidence has been offered to show that Defendants derived pecuniary benefit from the public performance of the copyrighted works, the Court may infer that this is true.

Finally, Defendants have admitted by their failure to deny Plaintiff's requests for Admissions that they had no licensing agreement with Plaintiff or Plaintiff's representatives allowing them to perform Plaintiff's copyrighted works publicly.

■ On the present record, there is no conflicting evidence. The elements of infringement have been authoritatively established by affidavit and admission. Defendants have failed to set forth any evidence to controvert Plaintiff's prima facie case. The Court therefore finds that Plaintiff's copyrights were infringed at Bubba's Cafe on the dates and in the manner set forth in Plaintiff's pleadings and supporting papers, and that summary judgment should be granted in Plaintiff's favor.

### 2. Liability of Individual Defendants

Having determined that Plaintiff's copyrights were infringed at Bubba's Cafe, the Court must consider the liability of the individual Defendants. The test for finding a corporate officer jointly and severally liable with his corporation for copyright infringement is whether the officer "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *Warner Bros., Inc. v. Lobster Pot, Inc.*, 582 F.Supp. at 482. The imposition of liability on the controlling individual is based upon the belief that the individual is in a position to control the conduct of the "primary infringer." *Van Halen Music v. Palmer*, 626 F.Supp. 1163, 1166–67 (W.D.Ark.1986). Any significant control over the daily operation of the business is sufficient to warrant the imposition of vicarious liability for copyright infringement. *Id.*

■ Plaintiffs have entered into the record copies of liquor license applications Defendant Caroline Larkin submitted to the City of Portland and the State of Maine, wherein she identifies herself as the manager of Bubba's Cafe. All licenses authorizing the sale of liquor at Bubba's Cafe are issued in Caroline Larkin's name. These documents establish that Defendant Caroline Larkin, as manager of Bubba's Cafe, had sufficient supervisory authority over public performances at Bubba's Cafe to be held liable for copyright infringement there.

On the liquor license applications, Defendant Caroline Larkin identifies Defendant Robert Larkin as the owner of the premises in which Bubba's Cafe is located. Robert Larkin is also identified, on the UCC financing statement Defendants filed with the Maine Secretary of State, as having executed a security interest on the inventory, accounts and proceeds of Bubba's Cafe, in favor of the Oxford Bank & Trust. Mr. Larkin has not contested the genuineness of his signature on the UCC financing statement. As Plaintiff points out in its Memorandum in Support of Motion for Summary Judgment, there is no indication that Robert Larkin signed the financing statement or security interest merely to guaranty Caroline Larkin's obligations to the bank.

Rather, the UCC financing statement lists Robert Larkin d/b/a Bubba's Cafe as the debtor, indicating the existence of a personal guaranty of the Cafe's financial obligations. That guaranty establishes to the satisfaction of the Court that Robert Larkin had a direct financial interest in the fiscal success of Bubba's Cafe. At least one other court has recognized that one who owns the building in which the business is located, personally guarantees the business' obligations, and signs a mortgage on the business' property and equipment has a direct financial interest warranting the imposition of joint and several liability for copyright infringement. See *Warner Bros., Inc. v. Lobster Pot, Inc.*, 582 F.Supp. at 482.

The Court therefore finds Defendants Caroline Larkin and Robert Larkin jointly and severally liable for the copyright infringement that occurred at Bubba's Cafe.

### 3. Relief and Damages

■ Plaintiff has requested an injunction prohibiting Defendants from unlawfully infringing Plaintiff's copyrights in the musical works at issue here. Title 17 U.S.C. § 502(a) permits the Court to "grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain infringement of a copyright." An injunction against the Defendants will issue when a substantial likelihood of further copyright infringement exists. *Milene Music, Inc. v. Gotauco,* 551 F.Supp. at 1295.

Affidavits submitted by Plaintiff show that Defendants were informed repeatedly that their public performance of Plaintiff's musical works was unauthorized. Plaintiff notified Defendants of the necessity of a licensing agreement six times by letter, once by mailgram, and numerous times by phone and in person. Plaintiff supplied Defendant with a list of musical works in its copyrighted repertoire, affording Defendants the opportunity to select non-copyrighted songs for public performance. Despite Plaintiffs persistence, Defendants failed to respond or arrange to enter a licensing agreement.

Defendants' recalcitrance is further demonstrated by their inadequate response to the instant lawsuit, which included, *inter alia,* their failure to appear for a deposition. The Court finds that such conduct raises a substantial likelihood of further copyright infringements.

Finally, Plaintiff avers by its pleadings and supporting papers that Bubba's Cafe is still operating and publicly performing music. The Court finds, on the circumstances so presented, that an injunction is warranted.

■ Plaintiff also seeks damages made available by the Copyright Act, 17 U.S.C. § 504(c)(1). The Act permits the prevailing party in a copyright infringement case to seek damages ranging from $250 to $10,-000 per infringing act. Where Plaintiff has proved infringement and no proof of actual damages is offered, the Court may not award statutory damages of less than $250 per infringement. *Jewell–LaSalle Realty Co. v. Buck,* 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978 (1931).

The amount of statutory damages awarded is otherwise within the Court's discretion. *Sailor Music v. Mai Kai of Concord, Inc.,* 640 F.Supp. 629 (D.N.H.1986). The Court is guided by the purposes of the Copyright Act, which include restitution of wrongfully acquired gains to prevent unjust enrichment of the defendant, reparation for injury done to the plaintiff, and deterrence of further wrongful conduct by defendant and others. *United Features Syndicate, Inc. v. Sunrise Mold Co., Inc.,* 569 F.Supp. 1475 (Fla.1983). The per infringement award escalates in direct proportion to the blameworthiness of the infringing conduct. Knowledge of the infringement and continued commission thereof are key factors for the Court's consideration. *Milene Music, Inc. v. Gotauco,* 551 F.Supp. at 1296.

Plaintiff seeks statutory damages of $1,500 per infringing act, or a total $13,500 for the nine infringing acts proven. The Court finds this request reasonable in light of the size of Defendants' business,[2] and Defendants' repeated disregard for Plaintiff's requests that it pay to be licensed or cease playing copyrighted works. The Court therefore awards Plaintiff $1,500 for each of the nine infringements it has established.

■ Plaintiff also prays for attorneys' fees and costs in this action. Title 17 U.S. C. § 505 permits the Court, within its discretion, to award both. Attorneys' fees are routinely granted in copyright infringement cases. *Warner Bros., Inc. v. Lobster Pot, Inc.,* 582 F.Supp. at 484. Courts frequently look to the blameworthiness of the Defendant in determining whether to award fees and costs. *Milene Music, Inc.*

---

**2.** Defendants' 1986 liquor license application, submitted into the record by Plaintiff, shows Bubba's Cafe's gross revenues from liquor and food sales to be $281,809.

*v. Gotauco*, 551 F.Supp. at 1297. Where, as here, Defendants have knowingly infringed upon Plaintiff's copyrights, have forced Plaintiff to engage attorneys and resort to the courts to enforce their proprietary interests in the copyrights, and have offered no justification for their actions, the award of fees and costs is warranted. *Id.*

The affidavits of Charles E. Gilbert, III, Plaintiff's counsel, adequately document the time spent and costs incurred through August 7, 1987, in connection with this suit. Attorneys' fees through August 7, 1987, are $1,413.00. Costs incurred through that date are $189.38.

Subsequent to August 7, 1987, Plaintiff's counsel prepared this Motion for Summary Judgment and the Memorandum supporting it. Because Plaintiff's counsel has not submitted documentation for the time spent and expenses incurred on this Motion, the Court awards what it deems reasonable fees for 10 hours at $90 per hour.

Finally, Plaintiff seeks to recover attorneys' fees and costs incurred in the preparation for and attendance at Defendants' depositions, and in the preparation of a motion for sanctions arising from Defendants' failure to attend those depositions. Plaintiff's counsel seeks $567.00 in attorneys' fees and $144.60 in costs.

The Court deems these amounts just penalty for Defendants' disregard for official legal proceedings of which they had adequate notice.

### III. ORDER

It is hereby ORDERED that Plaintiff's Motion for Summary Judgment be, and it is hereby, GRANTED; the Defendant's are each ENJOINED from further infringements, Plaintiff to submit within ten (10) days a proposed formal injunction; Plaintiff is awarded total statutory damages of $13,500, plus total attorneys' fees of $2,880 and total costs of $408.98.